[L. A. No. 4633.    Department One.—February 8, 1919.]

INA C. MATHES, Respondent, v. AGGELER & MUSSER SEED COMPANY (a Corporation), et al., Appellants.

NEGLIGENCE—PLEADING—OPERATION OF VEHICLE—GENERAL ALLEGATION. It is the established law in this state with respect to allegations of negligence by one operating a car or other vehicle, that it is sufficient to aver that he operated the same in a manner so negligent that it struck the plaintiff and injured him, and that the exact manner of the injury need not be otherwise described.

Id.—Operation of Different Vehicles.—The same rule in pleading negligence applies in such a case, where two persons, in operating their respective vehicles, are concurrently guilty of negligence causing the accident, as in the case of one person.

Id.—Damages—Hospital Treatment—Liability for—Evidence.—In an action for damages for personal injuries based on negligence where one of the items of damage was the expenses of plaintiff's treatment at a hospital, evidence of the reasonable charge for the service was admissible, although there was no direct evidence of any contract to pay for such treatment, as the law, in the absence of evidence to show gratuitous service, would imply an agreement to pay the reasonable value.

Id.—Evidence—Leading Questions.—The trial court has a large discretion in allowing leading questions, which will not be disturbed on appeal, in the absence of anything to indicate an abuse of such discretion.

Id.—Instructions.—In an action for damages for personal injuries alleged to have been caused by the negligence of the defendants, each of whom was driving an automobile which collided with the other and one of which struck plaintiff, causing the injuries complained of, an instruction to the jury contained a palpable error which declared that it was the duty of both defendants to use ordinary care in operating their automobiles at the time, and that "if both, or either, fail to exercise such care, then they were guilty of negligence," as the one who did not fail to exercise care would not be guilty of negligence; but where the instructions as a whole show that the use of the plural in the last part of the quoted clause was a mere inadvertence, and that the jury was repeatedly instructed that neither defendant could be charged with damages unless that particular defendant had been guilty of negligence proximately causing the injury, the error could not have prejudiced the defendants.

Id.—Right of Way—Construction of Instruction.—Where the accident in such a case occurred at the intersection of two streets which one defendant was approaching from the south on one street and the other from the west on the intersecting street, an instruction that if a named defendant was approaching on the street going northerly toward the intersection, "then, all other things being equal, she was entitled to the right of way" in passing the intersection, as against the other defendant approaching from the west, was not erroneous in using the words "all other things being equal," as they practically mean the same thing as the statute, which declares that where two persons approach an intersection on different streets, the one approaching from the right has the right of way; nor did the court err in refusing to give an instruction to the effect that the provision of the statute did not apply, except

when the two were approaching the crossing simultaneously at or near the same time.

ID.—Violation of Law.—In such a case there was no error in an instruction that one who operated his vehicle in violation of the express provision of the law was guilty of negligence in so doing.

ID.—Obstruction of View—Limit of Speed.—Where the evidence was undisputed in such a case that the view of each defendant as he approached the corner of the intersection of the streets was obstructed by a church, it was not error for the court to state to the jury that if either defendant approached the intersection at the place in question at a greater speed than ten miles an hour, such defendant was negligent in operating such vehicle at such speed, as the court is allowed to state the testimony on matters of fact on which there is no dispute, and the law fixes the speed limit under such circumstances at ten miles per hour.

Evidence—Preponderance of Evidence—Definition.—In civil cases a preponderance of evidence is all that is required, and by a "preponderance of evidence" is meant such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probably is in favor of the party upon whom the burden rests.

ID.—Failure to Show Error.—In such an action where complaint is made of the action of the court in drawing a line upon a map introduced in evidence, showing the relative location of the streets involved in the controversy, and in refusing certain instructions relating to the particular conduct of the defendants, respectively, immediately preceding the collision, in the absence of evidence printed in the briefs sufficient to enable the court on appeal to determine the questions, the objections will not be considered.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Duke Stone, for Appellants.

Fredericks & Hanna and E. B. Drake, for Respondent.

SHAW, J.—In an action to recover damages for personal injuries, alleged to have been caused by the negligence of the defendants, the plaintiff recovered judgment and the defendants appeal.

The points urged in support of the appeal have no merit and require little discussion.

The allegation of the complaint charging negligence stated that at a time and place described, the two defendants, each driving an automobile, "so negligently operated their respec^ tive automobiles that the same collided one with the other, forcing the automobile of the defendant, Ruth Purcell, vio- lently over against the plaintiff while she was standing at or near the sidewalk of the said intersection, and injuring her as hereinafter set out." It is the established law in this state with respect to allegations of negligence by one operating a car or other vehicle, that it is sufficient to aver that he oper- ated the same in a manner so negligent that it struck the plain- tiff and injured him, and that the exact manner of the injury need not be otherwise described. (*Stein* v. *United Railroads,* 159 Cal. 370, [113 Pac. 663].) The defendants concede that this may be true where there is but one person and one vehicle involved, but insists that if two persons, in operating their re- spective vehicles, are concurrently guilty of negligence causing the accident, this rule does not apply. We can see no sound reasons for making any such distinction. The objection is untenable.

One of the items of damage was the expenses of plaintiff's treatment at a hospital. It appeared that the plaintiff was taken to a hospital, and remained there receiving treatment several days, but there was no direct evidence of any contract between the plaintiff and the owners of the hospital that she was to pay for such treatment. The law, of course, in the absence of evidence to show gratuitous service, would imply an agreement by her to pay the reasonable value. It was, there- fore, proper for the plaintiff to introduce evidence as to the amount that would be a reasonable charge for the services. The objection to such evidence was properly overruled.

It is unnecessary to discuss the particulars relating to the objections made by the defendants to leading questions. The trial court has a large discretion in allowing leading questions and there is nothing to indicate that this discretion was abused.

Instruction No. 7 given by the court contains a palpable error. It declares that it was the duty of both defendants to use ordinary care in operating their automobile at the time and that "if both, or either, fail to exercise such care, then they were guilty of negligence." Of course, it could not be true that the one who did not fail to exercise care would be guilty of negligence. If this instruction stood alone, perhaps

it might be of sufficient importance to require a reversal. But a reading of the instructions as a whole shows that the use of the plural in the last part of the quoted clause was a mere inadvertence, and that the jury was repeatedly instructed that neither defendant could be charged with damages unless that particular defendant had been guilty of negligence proximately causing the injury. The error could not have prejudiced the defendants.

The accident occurred at the intersection of two streets which one defendant was approaching from the south on one street, and the other from the west on the intersecting street. Dealing with this situation one instruction stated that if the defendant, Purcell, was approaching on the street going northerly toward the intersection, "then, all other things being equal, she was entitled to the right of way" in passing the intersection, as against the other defendant approaching from the west. The statute declares that where two persons approach an intersection on different streets, the one approaching from the right has the right of way. The complaint is that the expression, "all other things being equal," is inaccurate, and that the court should have stated merely that the person approaching from the right has the right of way. We do not believe any jury could misunderstand the purport of the language. Practically it means the same thing as the statute, since the statute positively gave to the defendant, Purcell, the right of way at the intersection, unless she was so far from the intersection that she would not come within the definition as a person approaching the intersection. The phrase, "all other things being equal," would clearly imply that the distance of each from the intersection should be such as to put the statutory rule in operation. In this connection the defendant asked an instruction, which was refused, to the effect that the provision of the statute did not apply except when the two were approaching the crossing simultaneously at or near the same time. The instruction above given, in which the phrase, "all other things being equal," was used, was substantially to the same effect as the instruction asked and refused. We do not think the defendants were prejudiced by the ruling of the court in this matter.

There was no error in the instruction of the court informing the jury that one who operated his vehicle in violation of

an express provision of the law was guilty of negligence in so doing. The proposition is thoroughly settled.

At the corner of the intersection, and on the angle between the two streets on which the respective defendants were approaching, stood a church which obstructed the view of each defendant by the other as they approached the crossing. There was no dispute in the evidence over this question. The court is allowed to state the testimony on a matter of fact upon which there is no dispute and in proof of which the testimony is unconflicting and substantial. Therefore, the court did not err in stating to the jury that if either defendant approached the intersection at the place in question at a greater speed than ten miles an hour, such defendant was negligent in operating such vehicle at such speed. The law fixed ten miles as the utmost limit of speed under such circumstances.

The court defined the meaning of the term "preponderance of evidence," by giving the definition thereof, approved by this court in *People* v. *Miller,* 171 Cal. at page 653, [154 Pac. 470], taken from the decision in *Hoffman* v. *Loud,* 111 Mich. 156, [69 N. W. 231]. We can see no objection to this definition and do not desire to retract the approval given in *People* v. *Miller.*

Complaint is made of the action of the court in drawing a line upon a map introduced in evidence, showing the relative location of the streets involved in the controversy, and in refusing certain instructions relating to the particular conduct of the defendants, respectively, immediately preceding the collision. The map is not before us, and it does not appear from anything in the brief printed by the appellant where the line was drawn by the court across the map referred to. The instructions show, however, that the court informed the jury. that it was not intending to draw a line accurately, but only for purposes of illustration. There is not enough of the evidence printed in the briefs to enable us to determine whether or not the instructions offered and refused were applicable to the case. Under these circumstances we cannot consider these objections. The defendants have failed to show injury, and it is for them to show sufficient prejudicial error to justify a reversal.

There are no other points that deserve even a brief discussion.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.