[S. F. No. 10492. In Bank.—September 15, 1924.]

FRED DEWHIRST, Respondent, v. AUGUST ADOLPH LEOPOLD, Appellant.

[1] NEGLIGENCE—PLEADING.—It is sufficient to plead negligence in general terms.

[2] ID.—ACTION FOR DAMAGES—PEDESTRIAN STRUCK BY AUTOMOBILE—PASSING TO RIGHT OF ANOTHER AUTOMOBILE—INSTRUCTION.—In an action for damages for personal injuries sustained by a pedestrian when he was struck by defendant's automobile which was overtaking and passing another automobile to the right, the failure of the trial court to give an instruction that "it shall be the duty

1. See 21 R. C. L. 381.
2. See 3 Cal. Jur. 898.

of the driver or operator of a vehicle about to be overtaken to give way to the right in favor of the overtaking vehicle" was not error which defendant could avail himself of, where such an instruction was not requested and, furthermore, it was not in accord with defendant's theory or any theory of the case.

[3] ID.—FAILURE TO COMPLY WITH LAW—EFFECT OF—INSTRUCTIONS. In such action, the trial court having fully instructed the jury on the subject of contributory negligence and the jury having fully understood that the mere fact that defendant may have passed to the right was not sufficient in itself to justify a verdict against defendant unless it should appear that it was unlawful so to do and that circumstance was the immediate and proximate cause of the injury inflicted, a given instruction that "the failure to comply with a state law, or to perform a duty which is imposed by a state law, is negligence in itself," considered with reference to the context and the charge as a whole, is not open to the criticism made against charges which contain no such explicit instructions as are found in the present charge as to the necessity of showing that before the violation of a statute or ordinance can be accepted as sufficient to sustain a finding of negligence it must appear that such violation was the immediate and proximate cause of the injury suffered.

[4] ID. — SPEED OF VEHICLES — READING PORTION OF MOTOR VEHICLE ACT TO JURY—ABSENCE OF PREJUDICIAL ERROR.—In such action, the trial court committed no prejudicial error by reading to the jury that portion of the Motor Vehicle Act which regulates the speed of automobiles within certain districts; and the fact that no evidence was received bearing upon the question as to whether the highway on which the accident occurred was within territory closely built up or within a business district of an incorporated city, or whether the operator's view of the road traffic was obstructed upon approaching or going around corners or a curve in the street or highway, or whether it was within a district in which the speed limit was restricted to thirty miles per hour, did not render the instruction harmful.

[5] ID.—INFECTION FOLLOWING INJURY—SELECTION OF PHYSICIAN AND SURGEON — FINDINGS — EVIDENCE — APPEAL. — In such action, the question of whether or not the infection and necrosis which followed plaintiff's injury was the result of carelessness and negligence chargeable against plaintiff in making his selection of physician and surgeon having been submitted to the jury upon full and fair instructions, the jury's implied findings thereon cannot be disturbed on appeal inasmuch as there is ample evidence to support such findings.

---

3. See 3 Cal. Jur. 839; 20 R. C. L. 38.

[6] Id.—Intervening Causes—Selection of Doctor—Care—Defense.
In such action, if plaintiff was injured through the negligence of
the defendant and used ordinary care in the selection of a physi-
cian and surgeon for the purpose of treating his injuries, it would
be no defense to show that the physician or surgeon thus selected
by him was unskillful or failed to give him the best or proper
treatment, providing he complied with the directions and submitted
to the treatment prescribed by such physician and surgeon.

[7] Id.—Malpractice—Care—Instructions.—In such action, an in-
struction that "the defendant is not liable in damages for any
injury resulting from the intervening malpractice or error of the
surgeon or surgeons, if such malpractice or error is found by you
to have existed, if you find that the plaintiff failed to exercise
reasonable care and diligence in the selection of a surgeon or sur-
geons of ordinary competency and skill," and another instruction
that "it was the duty of the plaintiff to exercise reasonable care
and diligence in securing the services of a surgeon or surgeons of
ordinary skill and competency to treat his injuries. Such skill
and competency is to be measured by that care and skill which
is exercised, generally by surgeons of ordinary care and skill in
this community and in communities similar to it," correctly stated
the law of the case.

[8] Id.—Expenditures—Reasonableness of—Evidence.—In such ac-
tion, the amounts paid on account of medical treatment and at-
tention is some evidence of reasonable value thereof, and there
being no showing to the contrary, such evidence must be held to
be sufficient.

[9] Id.—Findings—Evidence.—In such action, there being some sub-
stantial evidence to sustain the finding of the jury in favor of
plaintiff on the main question of actionable negligence, a review-
ing court has no authority to arbitrarily repudiate the jury's judg-
ment and substitute its own judgment for that of the jury's.

---

(1) 29 **Cyc.**, p. 570.　(2) 28 **Cyc.**, pp. 1626, 1693.　(3) 28 **Cyc.**,
p. 49; 38 **Cyc.**, p. 1779.　(4) 38 **Cyc.**, p. 1598.　(5) 4 **C. J.**, p. 852,
sec. 2834.　(6) 17 **C. J.**, p. 779, sec. 103.　(7) 17 **C. J.**, p. 1074, sec.
379.　(8) 17 **C. J.**, pp. 1038, 1042, secs. 335, 340 (1926 Anno.).
(9) 4 **C. J.**, p. 853, sec. 2834.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.　Franklin A. Griffin,
Judge.　Affirmed.

The facts are stated in the opinion of the court.

---

6. Proximate cause and intervening condition, note, 1 **Ann. Cas.**
p. 230.　See, also, 20 **R. C. L.** 136.

J. J. Lermen and G. K. Burgren for Appellant.

Ford & Johnson for Respondent.

SEAWELL, J.—Appeal from a judgment awarding respondent damages in the sum of two thousand, one hundred dollars for personal injuries sustained by reason of being struck by an automobile operated by appellant August Adolph Leopold. The action was dismissed as to Emma Leopold, his wife, and the fictitious defendants. The injury was inflicted September 23, 1915, and the action was not tried until six and a half years thereafter.

Respondent, a mechanical engineer, suffered a fracture of the left arm near the shoulder by being struck by an automobile operated by appellant. The arm became infected and a necrotic condition developed, requiring the removal of a portion of the bone. Other operations of minor importance were performed. Respondent further suffered a financial loss of several hundred dollars in wages and became liable for quite a sum of money incurred on account of care and attention made necessary by the injury. The injured arm has become permanently disabled in having lost all power of motation at the shoulder joint. Respondent has endured great pain and suffering. It is appellant's claim that the infection and the necrotic condition which followed the injury was the immediate result of unskillful treatment and negligent attention on the part of the attending physicians and surgeons, for which appellant is not chargeable.

Van Ness is a broad avenue and has its southerly terminus in Market Street. At its intersection with the latter a monument occupied a position in the central portion of said avenue and serves the purpose of a safety zone. The monument is practically on a line with the northerly sidewalk of Market Street. Respondent, traveling easterly, had crossed the westerly half of Van Ness Avenue to the monument and it was while attempting to cross from the monument easterly to the sidewalk on Market Street that he was struck. While attempting to make his passage two automobiles, traveling not far apart, turned from Market Street into the easterly half of Van Ness Avenue. The smaller automobile, a Maxwell, was driven by appellant. His wife

and a lady friend of the family occupied the rear seat. The larger automobile was driven by an unidentified person. The important question in the case is the relative positions of and the order in which the two machines entered and proceeded upon Van Ness Avenue, both having approached on a curve from a westerly direction before proceeding on a straight line up said avenue. It is the claim of respondent that the Maxwell car was following the larger car as it proceeded up Van Ness Avenue and that in attempting to cross said avenue respondent successfully passed the first car, but that the operator of the Maxwell car suddenly undertook to pass the larger car and just as respondent cleared the latter he was struck by the smaller car in its attempt to pass the larger car to the right, which was contrary to the provisions of the Motor Vehicle Act of 1913 (Stats. 1913, p. 639), by which act the responsibility of the parties must be determined.

The complaint charges negligence in both general and specific terms, as follows: " . . . defendants ran and operated their said automobile across Market Street and into said Van Ness Avenue in such a careless and negligent manner, and at an unlawful rate of speed, to wit, more than twenty miles an hour, that said automobile ran upon and severely injured plaintiff."

"V. That defendant sounded no horn or bell or gave plaintiffs any warning of their approach."

A general demurrer to the complaint was overruled. [1] It is sufficient to plead negligence in general terms. (*Mathes* v. *Aggeler & Musser Seed Co.,* 179 Cal. 697 [178 Pac. 713]; *Stein* v. *United Railroads,* 159 Cal. 368 [113 Pac. 663].) No issue was made on the failure to sound a horn or bell and the question of negligence was narrowed to the issue whether or not appellant passed the larger machine to the right, which act, it is claimed under the circumstances of the case, constituted negligence and was the immediate and proximate cause of the injury. This question was made an issue by the evidence, although not specially pleaded. Appellant, however, was in no way surprised by this evidence as counsel for respondent in his opening statement made it very clear to the court, jury, and opposing counsel that he would rely upon the wrongful passing to the right as the proximate cause of the injury. The issue of ex-

cessive speed was not seriously pressed and we think that instruction No. 9, about which complaint is made, could in nowise have affected the issue upon which the case was solely determined.

Instructions Nos. 9 and 10, which furnish the principal grounds of complaint, are as follows:

"IX.   The motor vehicle act of the State of California in effect at the time of this accident provided as follows:

"Vehicles overtaking other vehicles proceeding in the same direction shall pass to the left thereof and shall not drive to the right until reasonably clear of such overtaken vehicle.

"Every person operating or driving a motor or other vehicle on the public highways of this state shall operate or drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway; and no person shall operate or drive a motor or other vehicle on a public highway at such rate of speed as to endanger the life or limb of any person or the safety of any property; provided, that it shall be unlawful to drive at a rate of speed in excess of thirty miles an hour, and provided further, that in any event no person shall operate or drive a motor or other vehicle on any public highway where the territory contiguous thereto is closely built up at a greater rate of speed than twenty miles per hour, or in the business district of any incorporated city and county, city or town, at a greater rate of speed than fifteen miles per hour, or at a greater rate of speed than ten miles per hour when the operator's or chauffeur's view of the road traffic is obstructed either upon approaching an intersecting way, . . . or in going around corners or a curve in the street or highway.

"X.   The failure to comply with a state law, or to perform a duty which is imposed by a state law, is negligence in itself."

Instruction No. 9 is in the language of the Motor Vehicle Act of 1913. It is correct so far as it purports to state the law. It is contended that the court should have given of its own motion that part of the Motor Vehicle Act which immediately follows and provides that "it shall be the duty of the driver or operator of a vehicle about to be overtaken to give way to the right in favor of the overtaking vehicle."

This instruction was not requested by the appellant, although the issue as to whether or not appellant had unlawfully and without justification turned to the right was the principal ground of contention in the case. In nowise do we criticise a failure to offer this instruction, as we have been unable to satisfy ourselves that it would have been helpful for any purpose considering the issue upon which the case was tried. A failure to so instruct could not, therefore, have injured appellant. No claim was made by appellant that the injury was caused by him in attempting to bear to the right in order to give way to a passing automobile, as required by the omitted portion of the statute, which it is now claimed should have been read to the jury. Nor was it claimed that he deviated from or had occasion at any time to deviate from a straight line of travel. Respondent, on the other hand, claimed that appellant having turned to the wrong side was traveling abreast of but slightly to the rear of the larger automobile in the act of passing it, and that he, respondent, with his attention fixed upon the first machine and having observed appellant but a few moments prior thereto following said larger machine assumed that he would not change his position and attempt to pass the larger machine in violation of the traffic law, crossed ahead of said larger machine and to his surprise and consternation found himself suddenly placed in the path of appellant's oncoming machine. Finding himself thus flanked by the larger machine at the rear he attempted to escape injury by hurrying forward, when he was struck by the automobile operated by appellant. Respondent's view of the Maxwell became obstructed as it changed its position from the rear to the right side of the larger machine. No claim was made that it was necessary for plaintiff to bear to the right or that the accident would have been avoided by so doing. The negligence consisted in being upon the right-hand side under the circumstances of the situation as it then existed. [2] The failure to give the instruction complained of was not error. first, because it was not requested, and, second, because it was not in accord with appellant's theory or any theory of the case. Appellant denied that his conduct in anywise contributed to the accident and there was nothing, therefore, which he could have offered by way of justification or excuse.

Instruction No. 10 is substantially in the language of the Motor Vehicle Act. Immediately following the giving of the foregoing instructions the court instructed the jury that it must be presumed that every man obeys the law and the presumption that the defendant was traveling at a lawful rate of speed and on the proper side of the highway at all times was in itself evidence and should control the deliberations of the jury unless overcome by satisfactory evidence. Immediately thereafter follow a series of instructions to the effect that before plaintiff could recover it must appear that the defendant was guilty of some act of negligence which *directly contributed to the accident* and it must appear that the plaintiff was without fault or negligence on his part which may in anywise have contributed to the accident. After defining contributory negligence at considerable length, the jury was told that "negligence on the part of either the plaintiff or the defendant is of *no consequence* in the case unless you also find that *such negligence was the proximate cause of the injury.*" (Italics ours.) [3] In the light of the very full instructions given on the subject of contributory negligence we feel satisfied that the instruction complained of, considered with reference to the context and the charge as a whole, is not open to the criticism made in some of the decisions against charges which contain no such explicit instructions as are found in the present charge as to the necessity of showing that before the violation of a statute or ordinance can be accepted as sufficient to sustain a finding of negligence it must appear that such violation was the immediate and proximate cause of the injury suffered. Neither was the jury told that a violation of a statute could not under such circumstances be justified or excused in accordance with the rule announced in *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675]. Unquestionably the jury fully understood that the mere fact that defendant may have passed to the right was not sufficient in itself to justify a verdict against appellant unless it should appear that it was unlawful so to do and that circumstance was the immediate and proximate cause of the injury inflicted.

[4] The court committed no prejudicial error by reading to the jury that portion of the Motor Vehicle Act which regulates the speed of automobiles within certain districts.

The fact that no evidence was received bearing upon the question as to whether the highway on which the accident occurred was within territory closely built up or within a business district of an incorporated city, or whether the operator's view of the road traffic was obstructed upon approaching or going around corners or a curve in the street or highway, or whether it was within a district in which the speed limit was restricted to thirty miles per hour, did not render the instruction harmful. Counsel for defendant during his cross-examination of witness Achstetter practically conceded, it would seem, that the area in which the accident occurred was a business district. And it may be said here, as was said by former Chief Justice Angelotti in his concurring opinion in *Varcoe* v. *Lee,* 180 Cal. 338 [181 Pac. 223], wherein the question involved was whether the court would take judicial notice that a certain designated portion of Mission Street, in the city and county of San Francisco, was a business district: ''Certainly every scrap of evidence tending to throw any light on the matter so tended to show, and the trial court apparently took the matter as granted.'' The reference made by witnesses in the instant case to several places of business in the immediate vicinity would so indicate and no claim to the contrary was made at the trial.

[5] The question of whether or not the infection and necrosis which followed the injury was the result of carelessness or negligence chargeable against respondent in making his selection of physician and surgeon was submitted to the jury upon full and fair instructions and we are not at liberty to disturb its implied findings inasmuch as there is ample evidence to support them. In the first place the record contains no substantial testimony by which it could be inferred that the infection and necrotic condition that followed was attributable to inattention or maltreatment on the part of the attending physician and surgeon. No physician or person skilled in medicine or surgery so testified. [6] The rule as to intervening causes governing this issue is thus stated in an instruction given in *Boa* v. *San Francisco-Oakland T. Rys.,* 182 Cal. 93 [187 Pac. 2] : ''If you find from the evidence that the plaintiff was injured through the negligence of the defendant, that she used ordinary care in the selection of a physician and surgeon for the purpose of

treating her said injuries, it will be no defense to show that the physician or surgeon thus selected by her was unskillful or failed to give her the best or proper treatment, providing she complied with the directions and submitted to the treatment prescribed by such physician and surgeon.'' (See, also, *Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 Pac. 999] ; *Baker* v. *Borello*, 136 Cal. 160 [68 Pac. 591] ; 17 C. J. 736, 737 ; 19 Ann. Cas. 979.)

On this issue the court instructed the jury as follows:

''XXIX. You are instructed that the defendant is not liable in damages for any injury resulting from the intervening malpractice or error of the surgeon or surgeons, if such malpractice or error is found by you to have existed, if you find that the plaintiff failed to exercise reasonable care and diligence in the selection of a surgeon or surgeons of ordinary competency and skill.

''XXX. You are instructed that it was the duty of the plaintiff to exercise reasonable care and diligence in securing the services of a surgeon or surgeons of ordinary skill and competency to treat his injuries. Such skill and competency is to be measured by that care and skill which is exercised, generally by surgeons of ordinary care and skill in this community and in communities similar to it.''

[7] The foregoing instructions correctly stated the law of the case. There is nothing in the record to indicate that respondent was at all negligent in the selection of a physician and surgeon.

Complaint is made that no evidence was offered by plaintiff to show that the amounts paid on account of medical treatment and attention were reasonable for the services performed. [8] The amounts paid is some evidence of reasonable value and there being no showing to the contrary such evidence must be held to be sufficient. (10 Cal. Jur., sec. 125, pp. 842, 843, and cases cited.)

Upon the hearing of the motion for a new trial affidavits made by appellant and a member of the jury were presented for the purpose of impeaching the verdict of the jury. These affidavits are wholly lacking in material substance and do not require further attention.

Upon an examination of the refused instructions offered by appellant it will be found that while they are generally correct as propositions of law the subjects to which they

relate were fully covered by the fair and comprehensive charge given by the court.

[9]  The evidence bearing on the main question of actionable negligence is sharply conflicting. The court and jury accepted as true the testimony given by the respondent and his witness as against the appellant and his two witnesses. There being some substantial evidence to sustain the finding of the jury, we, as a reviewing court, have no authority to arbitrarily repudiate the jury's judgment and substitute our own in its stead.

Judgment affirmed.

Waste, J., Lennon, J., Lawlor, J., Richards, J., and Shenk, J., concurred.

MYERS, C. J., Dissenting.—I dissent.  I think that the trial court committed prejudicial error in giving to the jury that portion of instruction IX which instructed the jurors as to the maximum speed limit fixed by law in "business districts" and in "closely built up districts," coupled with instruction X, which told them that failure to comply with a state law is negligence in itself. This instruction naturally and inevitably tended to lead the jurors to believe that they might properly conclude and find that the place of the accident herein was within a "closely built up district," as to which the legal speed limit was twenty miles per hour, or within a "business district," within which the legal speed limit was fifteen miles per hour. This is particularly true in the light of the allegation of the complaint that the defendant was proceeding "at an unlawful rate of speed, to wit, more than twenty miles an hour." There was evidence which would amply support such conclusion in the mind of a layman. But such a conclusion and finding would be wholly without support in the evidence in this case, inasmuch as there was no evidence tending to show that the city and county authorities had erected the signs which were essential to make these speed limits effective. (Stats. of 1913, p. 639.)  The issues herein as to defendant's negligence were narrowed by the evidence to two: (a) whether or not the defendant was negligent in proceeding at "an unlawful rate of speed," and (b) whether or not he was negligent in passing another vehicle to the right thereof.  As to both these issues the evi-

dence was sharply conflicting. As to the first, the plaintiff's testimony indicated that the defendant was proceeding at from twenty to twenty-four miles per hour, and defendant's testimony indicated that he was proceeding at from ten to twelve miles per hour. As to the second, plaintiff's testimony indicated that defendant was in the act of passing another vehicle to the right thereof, while defendant's testimony indicated that the other vehicle was in the act of passing him to his left. In this situation it is impossible to determine whether the verdict was predicated upon the conclusion of the jurors that the defendant was negligent in passing another vehicle to the right thereof, or upon the conclusion that he was negligent as a matter of law in proceeding at a speed greater than fifteen miles per hour. If the verdict was in fact based upon the latter conclusion, it was of necessity based upon an erroneous theory of law and should not be permitted to stand. In such a situation the judgment should be reversed. (*Jones* v. *Goldtree Bros. Co.,* 142 Cal. 383, 387 [77 Pac. 939]; *Lemasters* v. *Southern Pac. Co.,* 131 Cal. 105, 108 [63 Pac. 128]; *Hirshberg* v. *Strauss,* 64 Cal. 272 [28 Pac. 235]; *Nofsinger* v. *Goldman,* 122 Cal. 609, 617 [55 Pac. 425]; *O'Meara* v. *Swortfiguer,* 191 Cal. 12 [214 Pac. 975].)

There is no merit in respondent's suggestion that the court can take judicial notice of the fact that the intersection of Van Ness Avenue and Market Street constituted a "business district," as defined in section 1 of the Motor Vehicle Act of 1913, at the time of this accident in 1915. The evidence indicates that this location was within a business district as that phrase is commonly used and understood colloquially, but whether or not it was a "business district," as defined in the Motor Vehicle Act, depended upon a particular question of fact which could only be established by evidence.

Rehearing denied.

All the Justices concurred.