[Civ. No. 6938. First Appellate District, Division One.—September 24, 1930.]

THOMAS R. SKAGGS, Respondent, v. D. BALDWIN WILEY, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Wyckoff & Gardner for Respondent.

THE COURT.—This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligent operation of an automobile. The defendant denied the alleged negligence and averred that negligence on the part of the plaintiff proximately contributed to the injuries complained of. The action was tried before the court without a jury. The court found for the plaintiff and entered judgment accordingly. Defendant's motion for a new trial was denied, and he has appealed from the judgment. The grounds for the appeal are that the evidence shows as a matter of law that plaintiff was guilty of contributory negligence; that the court erred in receiving evidence of and awarding judgment for special damages, and that the damages awarded were excessive.

On February 11, 1924, at about 9 o'clock A. M., the plaintiff was operating an automobile in an easterly direction along the right-hand side of Alisal Street in Salinas. This street, which is 75 feet wide, runs east and west. It intersects with Soledad Street, which runs north and south, the

latter street being 50 feet in width. As plaintiff neared the intersection defendant's automobile approached from the south along Soledad Street and a collision occurred in the northeast quarter near the center of the intersection. According to the plaintiff he was from 20 to 30 feet west of the westerly curb of Soledad Street when he first saw defendant's car, which was then from 60 to 70 feet south of the southerly curb line of Alisal Street. Plaintiff estimated the speed of his car at about 18 miles and that of defendant's at about 40 miles an hour. Other witnesses testified that the defendant's speed was between 12 and 15 miles an hour. A dwelling-house was situated on the lot at the northwest corner of the intersection and about 30 feet west of the westerly curb line of Soledad Street. There was another dwelling on the southwest corner of the intersection, this structure being 82 feet west of the westerly curb line of Soledad Street. Plaintiff testified that when he first saw the defendant approaching there did not appear to be any danger of a collision, and he assumed that defendant would yield the right of way; also that he entered the intersection first, whereupon, seeing that the defendant continued on his course, he swerved his car to the left in an effort to avoid the collision. The defendant testified that when he reached a point between 75 and 100 feet south of Alisal Street he looked to his left toward Alisal Street and saw no car approaching; that he had no recollection of having looked in this direction again and did not see plaintiff's car until after the collision occurred. Defendant contends that the intersection was one where the view was obstructed within the meaning of the California Vehicle Act, and it being admitted that plaintiff entered the intersection at a speed in excess of 15 miles an hour he was negligent as a matter of law.

At the time the accident occurred the California Vehicle Act (Stats. 1923, p. 517) provided as follows: "Section 113. —Restrictions as to speed. (a) Any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb, or property of any person. (b) Subject to the

provisions of subdivision A of this section, and except in those instances specified in this act, it shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding the following: . . . (2) 15 miles an hour in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last 100 feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all the highways entering such intersection for a distance of 200 feet from the intersection.''

It is clear from the physical conditions shown by the evidence that plaintiff's view of the traffic along Soledad Street during the last 100 feet of his approach to the intersection was not clear and uninterrupted for a distance of 200 feet either north or south of the intersection. ■ Where the view is thus obstructed, a failure to observe the statutory requirement as to speed will, if the same proximately causes or contributes to the injury complained of, constitute negligence as a matter of law, the principle that a violation of the statute is negligence *per se* being subject to the limitation that the act or omission must proximately cause or contribute to the injury (*Mathes* v. *Aggeler & Musser etc. Co.,* 179 Cal. 697 [178 Pac. 713] ; *Dewhirst* v. *Leopold,* 194 Cal. 424 [229 Pac. 30] ; *Williams* v. *Southern Pac. Co.,* 173 Cal. 525 [160 Pac. 660] ; *Thomas* v. *German etc. Society,* 168 Cal. 183 [141 Pac. 1186]), ■ and when the evidence is conflicting or any reasonable man might differ as to the inferences which ought to be drawn from the evidence this question is one for the jury (*Smith* v. *Occidental etc. Steamship Co.,* 99 Cal. 462 [34 Pac. 84]). ■ The burden of proving by a preponderance of the evidence that the act or omission of plaintiff was a proximate cause of the injury complained of being upon the defendant (*Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066] ; *Gett* v. *Pacific Gas & Elec. Co.,* 192 Cal. 621 [221 Pac. 376]). ■ A reviewing court is not justified in disturbing a judgment unless it appears that upon no hypothesis is there sufficient substantial evidence to support it (*People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389]), nor can it review a finding based upon a reasonable inference, though in its judgment the opposite inference is the more probable (2 Cal. Jur., Appeal and

Error, sec. 549, p. 935; *Ryder* v. *Bamberger*, 172 Cal. 791 ·[158 Pac. 753]). ■ Granting that the speed of the plaintiff's automobile was 3 miles per hour in excess of that permitted by the statute, it does not follow with certainty that this proximately contributed to his injury. In view of the excessive speed of the defendant and the other circumstances shown, the court might reasonably have concluded that the sole proximate cause of the collision was defendant's negligence, and had plaintiff been traveling at the speed allowed by law the collision would nevertheless have occurred and that he would not have escaped injury. Under all the circumstances the question was one for the trial court (*Gett* v. *Pacific Gas & Elec. Co.*, supra; *Godeau* v. *Levy*, 72 Cal. App. 13 [236 Pac. 354]), and we cannot say that its finding is unsupported.

The court, over objection, admitted evidence of the expenses incurred by plaintiff for the services of physicians and nurses and hospital expenses aggregating $1156.41, which amount was awarded as part of the judgment. A claim for these items was not specifically made in the complaint, and defendant contends that evidence thereof was for that reason improperly admitted. ■ Special, as contradistinguished from general, damages are those which are the natural but not the necessary consequences of the act complained of (*Moore* v. *Fredericks*, 24 Cal. App. 536 [141 Pac. 1049]; *Morris* v. *Allen*, 17 Cal. App. 684 [121 Pac. 690], and, therefore, to prevent a surprise on the defendant it is the general rule that the plaintiff must state in his complaint the particular damage which he has sustained or he will not be permitted to give evidence of it (1 Chitty on Pleading, p. 396; 8 Cal. Jur., Damages, sec. 127, p. 889). In 17 Corpus Juris, Damages, sec. 315, p. 1018, it is said that "in perhaps the greater number of jurisdictions it is essential to the admissibility of proof of payment or incurrence of doctors' bills occasioned by personal injuries that these facts be specifically alleged. In some jurisdictions, however, particularly if the injury be a severe one, such expenses are considered as a reasonably necessary result of the injury and may be proved under a general allegation of damages". No authority in this jurisdiction which is directly in point on this question has been called to our attention, although in *Abalas* v. *Consolidated Cons. Co.*, 32

Cal. App. 732 [164 Pac. 19], the necessity for such pleadings appears to have been recognized. ■ In the case at bar, however, defendant stipulated, subject to his objection to the admissibility of the testimony, that the amounts claimed were reasonable and necessary. Such damages being a natural consequence of the act complained of and the requirement that the same be pleaded being to prevent a surprise on the defendant, where, as here, the necessity for and reasonableness of the expense incurred is undisputed, the error, if any, in permitting proof of the same was not prejudicial and could not in any view of the case have resulted in a miscarriage of justice. Under such circumstances, notwithstanding any defect in the pleadings, a reversal would not be justified (Const., art. VI, sec. 4½; *Baker* v. *Miller*, 190 Cal. 263 [212 Pac. 11]). ■ Moreover, such amendments are not regarded as a statement or introduction of a new cause of action (49 Cor. Jur., Pleading, sec. 697, p. 528; 21 Cal. Jur., Pleading, secs. 135, 138, pp. 195–200; *Stohlman* v. *Martin*, 28 Cal. App. 338 [152 Pac. 319]; *Barnes* v. *Berendes*, 139 Cal. 32 [69 Pac. 491, 72 Pac. 406]); and defendant's contention that the claim for the expense incurred was at the time of the trial barred by the statue of limitations cannot be sustained.

■ The court awarded plaintiff the sum of $12,750.31. It is claimed that this amount was excessive. According to the testimony the plaintiff at the time of the accident was strong, in good health, and capable of earning $6.50 per day. In the accident he received an impacted or crushed fracture of the fourth lumbar vertebra, three other vertebrae being injured. He remained in the hospital for several weeks, where the surgeons removed a section of the bone of his left leg and grafted the same upon the vertebrae. After leaving the hospital he wore a brace for about 11 months, and has since used a cane in walking. According to a physician, the degree of his disability is from twenty per cent to twenty-five per cent, and the condition will be permanent. In addition it is shown that his earning capacity was impaired and plaintiff testified that he has suffered and continues to suffer severe pain from the injury. Considering the character of his injury, his loss of earnings and earning power, together with the other elements of damage which the trial court had the right to consider, we cannot say that the award was excessive.

The findings were fairly supported by the evidence and the record discloses no prejudicial error. The judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court after judgment in the District Court of Appeal was denied by the Supreme Court on November 20, 1930.