[Civ. No. 422. Fourth Appellate District.—May 12, 1932.]

GRACE HAWTHORNE, Respondent, v. CHARLES M. GUNN et al., Appellants.

Harrison G. Sloane for Appellants.

Fred A. Steiner for Respondent.

BARNARD, P. J.—This is an action for damages for injuries suffered in an automobile collision. As the car in which the plaintiff was riding as a guest entered an intersection and turned to the right, it was struck by a car

owned and operated by the defendants, and pushed against a bank that lay along the right curb. The plaintiff was thrown forward, suffering the injuries complained of. The car in which plaintiff was riding was a five-passenger car, although at the time there were three people in the back seat and four in the front, three sitting upon the seat itself while the plaintiff was seated upon the lap of a young man who was sitting at the right-hand side of the front seat. The action was tried by the court without a jury, the court finding that the plaintiff was not negligent in riding in the position or manner mentioned; that the driver of that automobile was not negligent in his operation of the car; and that the plaintiff was injured solely by reason of the negligence of the defendants. Judgment was entered for the plaintiff, from which this appeal is taken.

The appellants concede that the evidence supports the finding of negligence on their part, and the sole point raised is that the respondent was guilty of contributory negligence, as a matter of law.

It is argued that it conclusively appears that the respondent was guilty of negligence *per se* in thus riding as the fourth occupant of the front seat and "that in a matter of such extreme variation from the seating accommodations of an automobile, and the very obvious results thereof, there is no need for drawing inferences of fact, but an inference of law obtains, against which the finding of fact of the lower court cannot prevail". Appellants rely entirely upon the case of *McMahon* v. *Hamilton,* 204 Cal. 228 [267 Pac. 546], and certain language therein used in which, as an additional reason in support of the judgment, the court discusses the question of contributory negligence on the part of the plaintiff in the action. As stated by the court, the position on a motorcycle assumed by the plaintiff in that action was hazardous even in the ordinary operation of the vehicle. It was then stated that the plaintiff must be deemed to have assumed the responsibility for any injury to which such dangerous position presumably contributed. Of course, all presumptions were in favor of the judgment. This case is not by any means authority for the proposition that it is negligence *per se* for a passenger in an automobile to sit in an unusual position or one at variance with the usual seating accommodations of the vehicle. In the case of *Gornstein* v.

*Priver,* 64 Cal. App. 249 [221 Pac. 396, 399], it was said: "If plaintiff was imprudent in seating herself as she did, then while she may be deemed to have assumed all the risks of danger ordinarily incident to such position of peril, she did not assume the risk of danger created by the negligence of defendant's drivers in their operation of the trucks. . . . In other words, though she assumed all the risks ordinarily incident to the position in which she seated herself on the truck, whether it was known to her to be dangerous or not—such risks, for example, as might be due to the ordinary and usual swaying of the truck or its ordinary and usual movements—still she did not forfeit her right to exact from defendant and his servants the same care to which she would have been entitled had she taken the safest seat on the vehicle.''

Conceding that under some circumstances the voluntary action of a young lady in sitting upon the lap of a young man might establish a *prima facie* case of contributory negligence, it cannot be held, as a matter of law, that this result obtained here. It cannot be said that such a position is necessarily hazardous in the ordinary operation of a vehicle. Whether or not a reasonable person would assume such a position, depends upon many conditions of time, place and circumstance. Whether or not the respondent was negligent in so riding at the time of this collision is a question of fact and not of law.

Even if the respondent could be held to have been negligent *per se,* the further question arises as to whether such negligence was the proximate cause of the accident. To establish contributory negligence as a defense, it must not only appear that the plaintiff was negligent but that such negligence was a contributing cause of the injuries received. (*Skaggs* v. *Wiley,* 108 Cal. App. 429 [292 Pac. 132]; *Blodget* v. *Preston,* 118 Cal. App. 297 [5 Pac. (2d) 25].) The appellants argue that the fact that none of the other occupants of the same car were injured, conclusively proved that it was respondent's exposed position which alone made the negligence of appellants of any effect, so far as she was concerned. Not only did the respondent not assume the risk of negligence upon the part of the appellant, but in the light of common experience, such a conclusion cannot be drawn from the fact stated. Frequently, and it may

almost be said that usually, one or more of the occupants of an automobile are killed or injured in an accident while others are uninjured, when all the passengers are seated in the usual way. Perhaps there is nothing more certain about an automobile accident than the fact that the visible results afterward are not an infallible guide in determining what occurred. (*Fishman* v. *Silva*, 116 Cal. App. 1 [2 Pac. (2d) 473].) So far as the record here shows, the trial court might reasonably conclude that the sole proximate cause of respondent's injury was the negligence of the appellants, and that the respondent would not have escaped injury had she been seated upon the seat of the automobile when the collision occurred. It can neither be said as a matter of law that respondent was negligent nor that her negligence, if any, was a contributing cause of her injury. Both are questions of fact fully disposed of by the findings of the trial court.

For the reasons given the judgment is affirmed.

Marks, J., and Scovel, J., *pro tem.*, concurred.