[Civ. No. 9034. Second Appellate District, Division One.—January 30, 1936.]

WILLIAM F. SCHULTHEISS, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

J. Edward Keating and Theodore E. Bowen for Appellant.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondent.

WHITE, J., *pro tem.*—This is an appeal by the plaintiff from a judgment in favor of defendant made and entered on the verdict of a jury after trial, in which proceeding plaintiff sought to recover damages for personal injuries sustained by him through the alleged negligence of defendant in the management and operation of a street car which plaintiff was attempting to board near the intersection of Sixth and Spring Streets in the city of Los Angeles.

The complaint alleged that plaintiff was invited by defendant to board one of its street cars, and that while he was on the steps of the street car defendant negligently, recklessly, and without warning jerked and speeded up the street car, throwing plaintiff to the ground and injuring him.

Issue was joined through defendant's answer, which denied any negligence and pleaded contributory negligence on the part of plaintiff, and that he allegedly was negligent and careless in his attempt to board a moving street car.

Appellant assails the judgment on the single ground that the court erred in admitting into evidence over plaintiff's objection sections Nos. 36 and 37 of ordinance No. 50515 of the city of Los Angeles, reading as follows:

"Sec. 36. Boarding Street Cars. It shall be unlawful for any person to board or alight from a street car or vehicle while said street car or vehicle is in motion.

"Sec. 37. Riding on Car Steps. It shall be unlawful for any person to ride upon the fender or running board of any street car or vehicle."

■ With appellant's claim of error through the admission into evidence of said sections of the city ordinance we cannot agree. The rule in this state is clearly set forth in the case of *Lorry* v. *Englander Drayage etc. Co.,* 108 Cal. App. 116, 118 [291 Pac. 467], where the court said:

"In the absence of the ordinance the question of whether appellants were negligent in riding on the running board would depend upon whether a person of ordinary prudence would have so ridden under the circumstances then existing and this would have been a question properly to be left to the jury. (Citing cases.) *But the ordinance enacted an absolute standard of conduct* and removed from the jury the right to speculate as to what that ideal composite the man of ordinary prudence might or might not have done under similar circumstances. *It thereby substituted certainty of conduct for uncertainty. If the violation of the ordinance proximately contributed to their injuries appellants were guilty of negligence as a matter of law."* (Italics ours.)

In view of the uncontradicted testimony that the street car was in motion at the time plaintiff attempted to board it, the ordinance was clearly admissible to show that by its violation plaintiff was guilty of contributory negligence. We find nothing in the cases cited by appellant at variance with the rule above set forth. (*Benjamin* v. *Noonan,* 207 Cal. 279, 283 [277 Pac. 1045]; *Krause* v. *Rarity,* 210 Cal. 644, 650 [293 Pac. 62, 77 A. L. R. 1327]; *Burtt* v. *Bank of California Nat. Assn.,* 211 Cal. 548, 551 [296 Pac. 68]; *Lindenbaum* v. *Barbour,* 213 Cal. 277, 284, 285 [2 Pac. (2d) 161]; *Andreen* v. *Escondido Citrus Union,* 93 Cal. App. 182, 187 [269 Pac. 556]; *Skaggs* v. *Wiley,* 108 Cal. App. 429, 433 [292 Pac. 132]; *Clark* v. *Bowers,* 116 Cal. App. 88, 92 [2 Pac. (2d) 486].)

■ Appellant attacks the right of the city of Los Angeles to regulate by ordinance the manner in which people may board or alight from street cars, and asserts that the ordinance is unconstitutional under the provisions of article XII, section 23, of the state Constitution. This claim is without merit, for the constitutional provision itself provides that the same shall not affect such powers of control over public utilities as relate to the making and enforcing of local police, sanitary, and other regulations, other than the fixing of rates.

Therefore the city was entirely within its rights when by ordinance it sought to control, supervise and regulate the relations between a public utility and the general public in a matter concerning the convenience and safety of the public, such as the manner of boarding and alighting from street cars. (Const., art. XII, sec. 23; Deering's Gen. Laws, Act 6388, sec. 1; *Switzler* v. *Atchison, T. & S. F. Ry. Co.*, 104 Cal. App. 138, 155 [285 Pac. 918].)

It might also be here observed that a reading of the transcript of the evidence in this case clearly shows that the verdict of the jury herein could as well have been based upon a total lack of negligence on the part of respondent as upon contributory negligence upon the part of the appellant through a violation of the ordinance in question. In such a situation appellate courts will not look behind the verdict in an attempt to ascertain the theory adopted by the jury.

For the foregoing reasons the judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.