[Civ. No. 1578.   Fourth Appellate District.—February 17, 1936.]

PABLO  GOMEZ,  Appellant,  v.  CLARENCE  E.· LIND-
BERG  et al.,  Respondents.

Richard L. Gray, Wallace P. Rouse and Harold D. Kraft for Appellant.

Sarau & Thompson for Respondents.

MARKS, J.—This is an appeal from a judgment entered after the granting of a motion for nonsuit.   The motion was granted upon the ground that the evidence showed plaintiff guilty of contributory negligence as a matter of law.

The general rule governing the granting of motions for nonsuit is clearly stated in 9 California Jurisprudence, page 551, as follows: "It is, therefore, well settled that upon a motion for nonsuit, particularly when made at the close of plaintiff's case, all the evidence must be construed most strongly against the defendant. Every favorable inference, fairly deducible, and every favorable presumption fairly arising from the evidence produced must be considered as facts in favor of the plaintiff. If the evidence is fairly susceptible of two constructions, or if either of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff. All the evidence in favor of the plaintiff must be taken as true, and if contradictory evidence has been given it must be disregarded. On such motion the court has nothing to do with the question of the credibility of the witnesses, nor with the testimony tending to create a conflict. It has nothing to do with any apparent disagreement as to the facts among plaintiff's witnesses, nor with any conflicts between the evidence brought out on direct and cross examination. The evidence of the plaintiff which is relevant to the issues is to be given its full probative strength, whether or not it has been erroneously admitted." (See cases there cited, and cases cited in Cal. Jur. Ten-Year Supp., vol. 5, pp. 234 et seq., sec. 35.) With this rule in mind we need only consider such evidence as is favorable to plaintiff. We will disregard all conflicts and all evidence favorable to defendants of which the transcript contains much.

Between 6 and 7 o'clock on the morning of February 23, 1933, plaintiff and defendant Lindberg were each driving easterly on that portion of Highway 99 connecting Indio and Oasis in Riverside, County. Plaintiff was ahead in a model T Ford touring car. Defendant Lindberg was following in a Ford V-8. Plaintiff made a left turn into a private drive leading to the farm of his employer. During this maneuver the two cars came into collision near the northerly or left-hand edge of the paved portion of the road. Both cars were damaged and the drivers were injured. Plaintiff had been driving between 25 and 30 miles an hour until he started to make the turn when he slowed down to about 10 miles per hour. Lindberg was driving about 42 miles an hour until he attempted to pass plaintiff's car on its left when he increased his speed. After the two cars came to rest there were

two parallel tire burns caused by the wheels of Lindberg's car, which burns extended about 120 feet westerly from the point of collision.

Defendants rely upon two acts of plaintiff which they maintain show him guilty of contributory negligence as a matter of law and which prevent his recovery. They contend (1) that he failed to give the signal for the left turn "continuously during the last fifty feet traveled by the vehicle before turning" as required by section 130 of the California Vehicle Act in effect at the time of the accident, and (2) that he did not pass "to the right of and next to the center of the (intersecting) roadway" before making the turn as then required by section 129 of the California Vehicle Act. In support of the first contention they urge that before starting his turning movement plaintiff did not see that it could be made in safety (sec. 130, Cal. Vehicle Act), but turned into the immediate path of the Lindberg car when it was in the act of passing.

In the plaintiff's testimony we find the following: "Q. And how far was the car from you then? A. Why, four, five hundred feet from me. Q. And then what did you do? A. And then take my hand out, make my turn. Q. How did you hold your hand? A. Right straight (demonstrating). Q. Indicating horizontal, from the shoulder. How far, Mr. Gomez, was that from Mr. Payne's driveway when you held out your hand? A. Oh, about 100 feet or so. Q. And then what did you do, Mr. Gomez? A. I drive in." He testified further: "Did you make a sharp or a gradual turn into the Payne ranch? A. I cut across straight. The Court: Across what? A. Across the pavement to enter the driveway. . . . Q. Did you hold your hand out all the time from the time you put it out until you completed the turn? . . . A. Until I started to go straight. Q. (Mr. Gray) After the turn? A. Yes."

We have reached the conclusion that the foregoing testimony justifies the reasonable inference that when the Lindberg car was at least four hundred feet to the rear of plaintiff's car plaintiff gave the proper signal for a left turn and continued the signal during the start of the turn and that he did not cut the corner, but turned squarely into the private driveway. We are assuming, without holding, that the provisions of section 129 of the California Vehicle Act as in

force in 1933 were applicable to the intersection of a private drive with a public road.

     Another reason why the failure of the plaintiff to make the turn around the center of the intersection of the highway and the private road, if the law required him to so turn and if he failed so to do, should not be held to be contributory negligence as a matter of law which would prevent his recovery, is found in the following rule announced in *Skaggs* v. *Wiley*, 108 Cal. App. 429 [292 Pac. 132]: ''Where the view is thus obstructed, a failure to observe the statutory requirement as to speed will if the same proximately causes or contributes to the injury complained of, constitute negligence as a matter of law, the principle that a violation of the statute is negligence *per se* being subject to the limitation that the act or omission must proximately cause or contribute to the injury (*Mathes* v. *Aggeler & Musser etc. Co.*, 179 Cal. 697 [178 Pac. 713]; *Dewhirst* v. *Leopold*, 194 Cal. 424 [229 Pac. 30]; *Williams* v. *Southern Pac. Co.*, 173 Cal. 525 [160 Pac. 660]; *Thomas* v. *German etc. Society*, 168 Cal. 183 [141 Pac. 1186]), and when the evidence is conflicting or any reasonable man might differ as to the inferences which ought to be drawn from the evidence this question is one for the jury (*Smith* v. *Occidental etc. Steamship Co.*, 99 Cal. 462 [34 Pac. 84]).'' (See, also, *Shannon* v. *Fleishhacker*, 116 Cal. App. 258 [2 Pac. (2d) 835]; *Blodget* v. *Preston*, 118 Cal. App. 297 [5 Pac. (2d) 25]; *Morehead* v. *Roehm*, 118 Cal. App. 312 [4 Pac. (2d) 995]; *Hawthorne* v. *Gunn*, 123 Cal. App. 452 [11 Pac. (2d) 411].) In the Morehead case the same rule was applied where plaintiff failed to give the required arm signal before making a turn into an intersecting street.

    From what we have just said it follows that the motion for nonsuit should not have been granted. We wish it understood that we are not expressing any opinion on what the decision of the trial judge or the jury should be on the question of the contributory negligence of plaintiff when the case is submitted on its merits. We are only expressing the opinion that under the evidence before the trial judge the question was one of fact to be decided by the trier of fact and not one of law to be decided by him on a motion for nonsuit.

    Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.