[Civ. No. 16243. Second Dist., Div. One. May 20, 1948.]

RUTH E. RALPH, Appellant, v. CLIFTON'S BROOK-DALE, INC., Respondent.

Fred M. Riedman for Appellant.

Sidney A. Moss and Henry F. Walker for Respondent.

DORAN, J.—In this action for damages for personal injuries alleged to be the result of defendant's negligence and

tried before a jury, a motion for nonsuit was granted; from the judgment that followed plaintiff appeals.

It is contended on appeal that plaintiff ''introduced sufficient evidence to make out a prima facie case,'' hence, the court erred in granting defendant's motion.

The evidence introduced by plaintiff shows, in support of appropriate allegations in the complaint in substance to the same effect that, defendant operated a cafeteria or restaurant in Los Angeles; that in the basement was operated an attraction known as ''Garden of Gethsemene'' to which patrons of the restaurant were invited; pamphlets were distributed to customers for such purpose; the display was located in three adjoining rooms described in appellant's brief as follows:

''The area in which the said spectacle was operated by defendant consisted of a stairway reaching from the main level of the restaurant to a lower level, a first room, known as the 'Room of the Weavers,' a second room known as the 'Grotto of the Rock,' and the third room known as the 'Garden of Gethsemene.' The three rooms are so arranged that the invitee enters and passes thru the rooms in the order named. The 'Garden of Gethsemene' or last room of the series, houses the feature attraction of the exhibit, a statue of the Christ, located opposite and to the right of the entrance. The construction of the three rooms is of a nature to simulate stone throughout, including floors, benches or seats, and steps. Opposite to the figure of the Christ, and slightly to the left of the entrance to the said room is a narrow raised area, approached by means of two steps up from the level of the floor of the room, known as the 'Meditation Grotto.' The steps leading to the said 'Meditation Grotto' are constructed of, or in a manner to simulate, stone, and are irregular in that (a) the edge of each tread, over the riser, is irregular in contour, rather than a straight edge, and (b) each tread is deeper on the side to the left ascending, this feature being particularly emphasized in the second step up from floor level, which tread is approximately twice as deep on the left side as on the right side of said tread and (c) although the steps aforesaid constitute a part of the entrance to the 'Meditation Grotto' which extends ahead and somewhat to the left of the said steps the excess depth of the tread is on the inside of the curve to the left (or left hand side ascending), rather than on the outside (or right hand side ascending).''

The lighting is described as follows:

". . . During the time plaintiff remained in the Garden of Gethsemene, prior to and including the time of plaintiff's fall aforesaid, illumination of the entire area, including the steps from which plaintiff fell, was intermittent, the chief source of light being a reflected loom or glow from the figure of the Christ during the period that figure was illuminated. During the periods in which the illumination of the said figure was discontinued, the entire area, including the stairway which was the site of the accident, was in such a darkened condition, that plaintiff was unable to see anything but darkness, and when the light on the figure was off, plaintiff was unable to distinguish objects around her."

The accident occurred, as described by appellant, as follows:

". . . descended the stairway leading from the main restaurant level, and entered the first room, or Room of the Weavers, remaining in that room ten or fifteen minutes. Following instructions of attendant in the Room of the Weavers, plaintiff next entered the Grotto of the Rock, where she remained several minutes. Plaintiff next entered the Garden of Gethsemene where, after watching the intermittent illumination of the figure of the Christ for some time, she ascended the steps leading from the floor level of the Garden of Gethsemene up to the level of the Meditation Grotto, but did not enter the Meditation Grotto, instead she remained on the top step or landing, standing there for an undetermined period of time. Plaintiff then descended the same stairs on the right-hand side of the stairway, descending without incident until she reached the step next above the floor level, whereupon she missed the said step, stepped out on what she believed to be the floor level, fell, and suffered the injuries complained of. During the descent of said stairs, plaintiff had her eyes open, looked ahead and could see only darkness."

█ It is well settled that in connection with an appeal such as the one here considered, the court is concerned only with a consideration of the evidence most favorable to the plaintiff; and in all of its phases and legal aspects. Here the evidence revealed a condition, in particular relating to the adequacy of the lighting, that clearly presented a question of fact for the jury's determination. With regard to the question of negligence, it might well have been decided either way, in which circumstances the court could have held the verdict

supported by sufficient evidence. Viewing the evidence in the light of the law as pointed out above, it is obvious that the granting of defendant's motion for a nonsuit was error. (See *Martin* v. *Fox West Coast Theatres Corp.*, 41 Cal.App.2d 925 [108 P.2d 29]; *Schultheiss* v. *Los Angeles R.R. Co.*, 11 Cal. App.2d 525 [54 P.2d 49].)

For the foregoing reasons, the judgment is reversed.

York, P. J., and White, J., concurred.