[Civ. No. 5261.   First Appellate District, Division Two.—October 3, 1925.]

## JOSEPH THEODORE STRONG (a Minor), etc., Appellant, v. LEANDER OLSEN et al., Respondents.

[1] NEGLIGENCE—INJURIES TO PASSENGER RIDING ON OUTSIDE OF BUS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—EVIDENCE.—In an action to recover damages for personal injuries received by a boy of fifteen years of age while riding upon an automobile bus owned and operated by the defendants, the question of plaintiff's contributory negligence was a question for the jury, where on the day of the accident plaintiff boarded the bus at the school which he was attending, and was inside of the bus at first, but later took a position upon the running-board, either standing or lying over a fender, although there were several vacant seats inside of the bus in the rear, and while he was occupying this position upon the running-board there occurred a collision between the bus and an automobile truck, and the plaintiff's leg was broken and his foot was so badly crushed and torn as to necessitate amputation.

[2] ID.—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTION. In such action, a given instruction, which stated that to find for the defendants, the jury must believe that the injury was proximately caused by the unusual position of the plaintiff, permitted the jury to find, if it could, that the injury was caused proximately by the negligence of the driver of the bus—that it would have been caused if the plaintiff had been inside of the bus.

---

(1) 10 C. J., p. 1160, n. 93.   (2) 10 C. J., p. 1162, n. 7.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Louis W. Myers, Judge.  Affirmed.

The facts are stated in the opinion of the court.

---

1.  See 19 Cal. Jur. 735.

Kelby & Lawson and Samuel M. Garroway for Appellant.

Joe Crider, Jr., for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment denying compensation for personal injuries received while riding upon an automobile bus owned and operated by the defendants. The defendants pleaded that the plaintiff was guilty of contributory negligence, proximately causing his injury, and the questions raised upon the appeal relate to the sufficiency of the evidence to justify the jury in finding a verdict for the defendants and the propriety of a certain instruction which will be considered hereinafter.

There are some conflicts in the evidence, but most of the facts appear by uncontradicted testimony of several witnesses, and in our statement we shall emphasize, as we must, the testimony which supports the verdict. Plaintiff was a boy fifteen years of age and a student at the high school at Alhambra, California, which was about four miles from his home. He and other students were transported between their homes and the school by means of an automobile bus owned and operated by the defendants. On the day of the accident plaintiff boarded the bus at the school. He was inside of the bus at first, but, later took a position upon the running-board, either standing or lying over a fender, although there were several vacant seats inside of the bus in the rear. While he was occupying this position upon the running-board there occurred a collision between the bus and an automobile truck, and the plaintiff's leg was broken and his foot was so badly crushed and torn as to necessitate amputation.

[1] With this evidence in the record the trial court submitted to the jury the question of plaintiff's contributory negligence. Certainly, it was a question for the jury, and the appellant here is, in effect, asking this court to declare that, as a matter of law, there was no contributory negligence under the facts recited.

[2] The instruction submitting this question is the only other subject of attack upon appeal. It is as follows: "I instruct you that if you find from the evidence that there was room for plaintiff to have ridden inside of the bus and

that if plaintiff had ridden inside of the bus instead of at the point where you find he was riding, he would not have suffered the injuries which you find he suffered, and if you find further that, under the circumstances as they existed at the time of the accident and immediately before the accident, and in and around the bus, an ordinarily reasonable, prudent and careful person of like age, experience and intelligence would not have ridden at the place where you find plaintiff was riding when the accident occurred, and if you find further that plaintiff's act in so riding contributed proximately to the injury which he suffered, then your verdict must be in favor of both of the defendants.''

The objection which the appellant makes to this instruction is ''that it misled the jury to believe that the plaintiff, in taking the position on the bus that he did, assumed all the increased risk attendant thereon, including the negligence of the driver of the bus.'' The instruction carefully states that to find for the defendants, the jury must believe that the injury was proximately caused by the unusual position of the plaintiff. In other words, it permitted the jury to find, if it could, that the injury was caused proximately by the negligence of the driver—that it would have been caused if the plaintiff had been inside the bus. But the facts and circumstances and the nature of the plaintiff's injuries were such that the jury did not and could not, reasonably, so find.

There are no other questions involved and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 30, 1925.

Lawlor, J., voted for the granting of the petition. Myers, C. J., did not participate.