[S. F. No. 12354. Department Two.—May 24, 1928.]

JOSEPH T. McMAHON, etc., Appellant, v. FRED HAMILTON, Respondent.

J. A. Tracy, William Steers and Charles Reagh for Appellant.

Louis V. Crowley and Cooley, Crowley & Gallagher for Respondent.

SHENK, J.—This appeal is from a judgment for defendant in an action for damages for personal injuries. The plaintiff, Joseph T. McMahon, was at the time of the accident about fourteen years of age. On the evening of September 3, 1925, on Mission Street, in San Francisco, he hailed Charles Raleigh, who was at the time passing on a motorcycle, and asked him for a ride. When the two had proceeded for about six or eight blocks along Mission Street they collided with a Ford automobile which the defendant was driving. The jury returned a verdict for the defendant and the judgment appealed from was entered. After plaintiff had filed his notice of appeal he submitted to the trial court his proposed bill of exceptions. Defendant submitted proposed amendments thereto. After some delay and through inadvertence the trial judge signed the plaintiff's proposed bill of exceptions although he had allowed the defendant's proposed amendments. On October 24, 1927, this court denied appellant's motion to vacate its prior order of July 11, 1927, made on motion of respondent, to require the plaintiff to file with his transcript the proposed amendments which had been allowed. (*McMahon* v. *Hamilton*, 202 Cal. 319 [260 Pac. 793].) The proposed amendments have not been filed. We must, therefore, decide the merits of this appeal on the record and briefs before us.

The plaintiff assigns as error numerous instructions given by the trial court and the refusal to give certain instructions requested by the plaintiff. The charge to the jury has been examined. As a whole it may be said that it fairly presented to the jury the law applicable to the facts in the case and no substantial right of the plaintiff was invaded by the refusal to give any instruction requested by him. It would serve no useful purpose to comment on each assignment of error. They are sufficiently met by the defendant in his brief. It may be said, however, that the court should have instructed the jury as to the measure of damages. But as there was no occasion under the facts for the application of the statutory rule, the omission to charge thereon was not prejudicial.

■ The record would support a finding of the jury absolving the defendant from any negligence and at all events the plaintiff was clearly guilty of contributory negligence. He himself testified that the ''motorcycle had but one seat and the driver moved forward near the handle bars, sitting on the small gas tank and I got on to the seat; I had nothing to hold on to except to put my hands underneath me and try to hold on to the seat; I had no other hold and did not hold on to the driver or the driver's seat; the place where I got on to the motorcycle would be about six or eight city blocks from the place where the accident happened; we were going pretty fast; we were going a good deal faster than the Ford automobile; we had no light on the motorcycle and the driver of the motorcycle did not sound any horn or warning of any kind; the motorcycle struck and collided with the Ford automobile; the Ford automobile was going very slowly; it was facing toward San Francisco and was about two feet from the east curb of Mission street when it was struck.'' By thus voluntarily assuming a position on the one-seated motorcycle, which was hazardous to himself even in the ordinary operations of the vehicle, he must be deemed likewise to have assumed the responsibility for any injury to which, as here, his dangerous position would presumably contribute. It was undisputed that the motorcycle did not fall from the force of the impact. The driver, Raleigh, did not lose his seat, but righted his vehicle and brought it to a stop. We find no prejudicial error in the record.

The judgment is affirmed.

Langdon, J., and Richards, J., concurred.