[Civ. No. 7246. First Appellate District, Division One.—September 6, 1930.]

D. LORRY, Appellant, v. ENGLANDER DRAYAGE AND WAREHOUSE COMPANY (a Corporation) et al., Respondents.

A. JONES, Appellant, v. ENGLANDER DRAYAGE AND WAREHOUSE COMPANY (a Corporation) et al., Respondents.

John F. Moran, Clifton Hilderbrand and James A. Myers for Appellants.

B. P. Gibbs, Barry J. Colding, Theodore Hale, Carroll B. Crawford, Redman, Alexander & Bacon and Herbert Chamberlin for Respondents.

DOOLING, J., *pro tem.*—These two cases arise out of the same collision, were tried together in the superior court before the same jury and the record here is presented in a single typewritten transcript. At the close of the trial the court directed the jury to bring in verdicts against the plaintiff and in favor of both defendants.

At the time of the collision out of which the actions arose, appellants were passengers on a jitney bus operated in San Francisco by respondent Barnes. Appellants were both standing on the left running-board of the jitney bus facing toward the interior of the bus, with their heads and the upper parts of their bodies inside the bus. The jitney bus was proceeding in a southerly direction along the Embarcadero and when it reached a point opposite pier 7 a truck owned and operated by respondent Englander Drayage and Warehouse Company, was proceeding westerly across the Embarcadero toward Drumm Street. The front of the truck came in contact with the left side of the jitney bus and appellants were injured by the truck striking their bodies or the force of the impact throwing them to the pavement or both.

An ordinance of the city and county of· San Francisco made it unlawful for anyone to ride on the running-board of a jitney bus. The trial court directed the verdicts on the ground that in violating the ordinance appellants were guilty of negligence which under the evidence proximately contributed to their injuries.

In the absence of the ordinance the question of whether appellants were negligent in riding on the running-board would depend upon whether a person of ordinary prudence would have so ridden under the circumstances then existing and this would have been a question properly to be left to the jury (*Ivancich* v. *Davies,* 186 Cal. 520 [199 Pac. 784]; *Strong* v. *Olsen,* 74 Cal. App. 518 [241 Pac. 107]). But the ordinance enacted an absolute standard of conduct and removed from the jury the right to speculate as to what that ideal composite the man of ordinary prudence might or might not have done under similar circumstances. It thereby substituted certainty of conduct for uncertainty. If the violation of the ordinance proximately contributed to their injuries appellants were guilty of negligence as a matter of law.

This is conceded by counsel for appellants, but they claim that whether or not the violation of the ordinance by appellants proximately contributed to their injuries was a question of fact which should not have been taken from the jury. This contention necessitates a more detailed examination of the evidence.

From the evidence it appears that the jitney bus was proceeding southerly on the Embarcadero toward the Ferry Building at a speed of from twenty to thirty miles per hour and the truck was traveling westerly across the Embarcadero at a speed of from ten to twenty miles per hour. The front end of the truck and the left fender and running-board of the jitney bus came in contact with one another. It is undisputed that the impact moved the bus sideways not more than four or five feet and tilted it slightly, but did not overturn it. The truck came in direct contact with appellants' bodies. Whether they were thrown to the pavement or not is disputed, the evidence on that point being in conflict. Two men were riding on the right-hand running-board of the bus. Neither was thrown to the pavement by the impact, though one testified: "It (i. e., the jitney

bus) was moved about—well, about three feet—because the jitney tilted and when the jitney tilted I loosened my hold and my feet hit the cobbles and slided a little.'' The jitney bus was so little damaged that immediately after the collision respondent Barnes took appellants into it and drove it under its own power to the hospital.

Under these facts we can see no escape from the conclusion that the conduct of appellants in riding on the running-board in violation of the ordinance was a proximate contributing cause of their injuries. We can conceive of cases where the impact might be of such a character that a jury would be justified in holding that the negligence of a person riding on the running-board in violation of an ordinance did not proximately contribute to his injuries. *Dallas Ry. Co.* v. *Eaton,* (Tex. Civ. App.) 222 S. W. 318, cited and relied on by appellants, was such a case. There the jitney bus, on the running-board of which the injured person was riding, was struck by a street-car with terriffic force and dragged for a long distance. In that case the jury might reasonably have found that the injury would as well have occurred had the injured person been riding inside the bus. But in this case the evidence does not warrant any reasonable conclusion except the one that appellants would not have been injured but for their own negligent act in placing themselves upon the running-board in violation of the ordinance. We would not be justified in closing our eyes to the plain facts of the case and saying blindly that the question of proximate cause was one for the jury (*McMahon* v. *Hamilton,* 204 Cal. 228, 230 [267 Pac. 546]).

Appellants also insist that the case should have gone to the jury under the doctrine of last clear chance. The essentials to the application of that doctrine are: '' (1) That the plaintiff has been negligent; (2) That as a result she was present in a situation of danger from which she could not escape by the exercise of ordinary care; (3) That the defendant was aware of her dangerous situation and realized, or ought to have realized, her inability to escape therefrom; (4) That the defendant then had a clear chance to avoid injuring her by the exercise of ordinary care; (5) That the defendant failed to avoid the accident by the use of ordi-

nary care.'' (*Darling* v. *Pacific Elec. Ry. Co.*, 197 Cal. 702, 707 [242 Pac. 703, 706].)

As to respondent Barnes, all of these elements were satisfied by the evidence. The appellants (1) had been negligent by taking a position on the running-board and (2) were in a position of danger from which they could not escape by the exercise of ordinary care. Respondent Barnes testified that he knew at all times that appellants were on the running-board and that he saw the truck when it was from thirty to thirty-five feet south of his line of travel. At that time (3) he knew that appellants were in a position of danger on the running-board and should have known that they could not extricate themselves. He testified that he could have stopped his bus in about ten or fifteen feet and so (4) the jury might find that he then had a clear chance to avoid injuring appellants by the exercise of ordinary care, and according to the testimony of at least two witnesses he did not apply his brakes, but swerved to the right in an effort to go in front of the truck and sideswiped it. From this the jury might conclude (5) that he failed to avoid the accident by the exercise of ordinary care.

As to the respondent Englander Drayage and Warehouse Company, no evidence is printed by appellants in their briefs, and we find none in the transcript that would support a finding that the driver of the truck saw appellants on the running-board of the bus or was aware of their dangerous position in time to have a clear chance to avoid injuring them.

The judgments are affirmed as to respondent Englander Drayage and Warehouse Company and reversed as to respondent J. D. Barnes.

Tyler, P. J., and Cashin, J., concurred.