[Civ. No. 9375. Second Appellate District, Division Two.—March 9, 1935.]

GILBERT VARNER, Respondent, v. GEO. HATTEN-HABER et al., Defendants; JOE DAVIS, Appellant.

Sherman Anderson for Appellant.

Murchison & Murphy for Respondent.

CRAIL, J.—This is an appeal from a judgment for damages arising out of an automobile collision. At the time of the collision the plaintiff was riding on the running-board of a Chrysler car devoting his time and attention in an attempt to stay the loss of blood of a friend who had been

stabbed with a knife. They were on their way to a receiving hospital. The defendant was driving a Chevrolet car and as the Chrysler car was turning to the left at an intersection the defendant's car ran into the Chrysler smashing it up badly and forcing it sideways so that the skid marks on the street showed for several feet. The impact of the defendant's car left the Chrysler car a wreck, crushing the plaintiff's foot and causing him other injuries. The judgment went for plaintiff and defendant appeals. For the sake of clarity we shall refer to the parties as plaintiff and defendant rather than appellant and respondent.

■ It is the defendant's first contention that the evidence fails to show any negligence on his part which proximately caused plaintiff's injuries. On appeal it is the duty of this court to view the evidence in the light most favorable to the party prevailing in the trial court, and if there is any substantial evidence to support the findings we must resolve this contention in favor of their support. ■ We have reviewed the evidence and we find it supports the findings and the judgment.

■ The defendant next contends that since the plaintiff was violating a city ordinance in riding upon a running-board he was guilty of negligence *per se* and that the conclusion is inescapable that as a matter of law the plaintiff's position on the running-board proximately contributed to his injuries. He relies upon the case of *Lorry* v. *Englander Drayage & Warehouse Co.,* 108 Cal. App. 116 [291 Pac. 467]. That was a case in which the facts were somewhat similar to the facts herein, although in that case the jitney bus was so little damaged that immediately after the collision one of the defendants took the injured person into it and drove it under its own power to the hospital. In sustaining a judgment of the superior court in favor of the defendants the appellate court said: "Under these facts we can see no escape from the conclusion that the conduct of appellants in riding on the running-board in violation of the ordinance was a proximate contributing cause of their injuries." But the court further said: "We can conceive of cases where the impact might be of such a character that a jury would be justified in holding that the negligence of a person riding on the running-board in violation of an ordinance did not proximately contribute to his injuries." The mere fact that a person occupies the unusual position of standing on the

running-board while riding in or on a motor car does not in and of itself constitute a proximate cause of his injuries. And it is never open season for one motor car to mow down a person who occupies a hazardous or legally forbidden place on a moving automobile. In the instant case the trial judge thought the facts were such as to warrant submitting the question to the jury. We are satisfied that under the facts in the instant case reasonable men might reach different conclusions with regard to the matter.

Defendant next contends that the court erred in excluding proof that the driver of the car on which plaintiff was riding admitted certain acts of negligence on his part. Obviously this would be hearsay evidence as to the plaintiff, but the defendant now contends that the plaintiff and the driver were engaged in a joint enterprise. An inspection of the reporter's transcript shows that no such claim was made to the trial court at the time the evidence was offered and rejected.

It is next contended that the court erred in refusing to give an instruction on the doctrine of joint enterprise. That defense was not an issue which the jury were called upon to determine and the court properly omitted such an instruction.

It is next contended by the defendant that the trial court erred in refusing to admit in evidence the city ordinance with regard to riding on the running-board. But the court did include the ordinance in its instructions and did direct the jury that a violation thereof was negligence *per se.*

The defendant also contends that the court erred in denying defendant's motion for a nonsuit and in later denying defendant's motion for an instructed verdict, but for the reasons heretofore indicated we find against the defendant on these matters.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.