[Civ. No. 1775.   Fourth Appellate District.—May 29, 1936.]

JACK WHEELER, Respondent, v. WILLIAM BUERKLE, Appellant.

Francis J. Gabel and Edward West for Appellant.

W. C. Dorris and R. W. Henderson for Respondent.

MARKS, J.—This is an appeal from a judgment rendered in favor of Jack Wheeler against William Buerkle. We will refer to William Buerkle as the defendant. Plaintiff was awarded damages for injuries suffered in a collision between an automobile owned and driven by defendant, and another owned by Augusta T. Rambaud and driven by Lillian Nikkel with the knowledge and consent of the owner.

The collision occurred in the intersection of Tulare and Nineteenth Streets in the city of Bakersfield. Nineteenth Street runs east and west and Tulare Street north and south. The accident happened on May 12, 1934. The day was clear, the streets were dry, and there were no other vehicles near the intersection.

At the time of the accident defendant was bringing four men to his ranch in the expectation of giving them employment. He was driving a small coupe. Two of the men were riding in the seat beside him, Fred McCall was riding on the left front fender, and plaintiff was riding on the right front fender with his right arm around a spare tire and his left arm around the right front headlight.

The record is free from serious conflicts in the evidence which would affect the material rights of the parties.

Defendant was driving east and Miss Nikkel west on Nineteenth Street, both approaching the intersection of that street with Tulare. Both were on their own right-hand sides of

the road. Defendant's speed was variously estimated at between fifteen and forty-five miles an hour, and Miss Nikkel's at between twenty and thirty-five miles an hour. ▇ There is no evidence that the intersection was obstructed, as such an intersection is defined in section 113 of the California Vehicle Act in effect at the time of the accident, or that it was within either a business or a residential district, as defined by section 28½ of the same act, or that it was sign-posted as required by sections 115 and 116 of that act. It is therefore conclusively presumed to be outside a business or residential district (subd. c, sec. 28½, Cal. Vehicle Act) where the permissive speed limit was forty-five miles an hour. (Sec. 113, Cal. Vehicle Act.)

When Miss Nikkel was between ten and thirty feet east of the east line of the intersection, and defendant was between ten and thirty feet from its west line, Miss Nikkel attempted to make a "U" turn which brought her car across the path of defendant's car. She started to turn when her car was near the north curb line of Nineteenth Street, did not pass around but over the center of the intersection, and before starting the turn did not see that it could be made safely. She violated three rules of the road established by sections 129 and 130 of the California Vehicle Act. The evidence is conflicting on whether she gave a proper arm signal on turning. If she failed to do so this would add a fourth violation of the rules of the road to her manner of driving. In any event she was guilty of negligence *per se.*

▇ At the time of the accident an ordinance of the city of Bakersfield provided in part as follows: "It shall be unlawful for any person to ride upon the fender, running board, hood, top, tank, or luggage carrier of any vehicle or street car, or for the operator thereof to knowingly permit any person to so ride on any vehicle or street car." Both plaintiff and defendant were guilty of negligence *per se* in violating the provisions of this ordinance. (*Lorry* v. *Englander Drayage etc. Co.*, 108 Cal. App. 116 [291 Pac. 467].)

Defendant testified that when he saw Miss Nikkel turning her car across his path he gently applied the brakes of his automobile because he realized that if he applied them with full force the sudden lessening of the speed of the car would probably have thrown both fender riders onto the pavement. At the time of the impact he had succeeded in so reducing the

speed of his automobile that the two cars came together with a slight jar sufficient to dislodge plaintiff from the fender and throw him onto the pavement, breaking his leg. Defendant's car showed no injury from the collision and the other car was only slightly damaged.

It is clear from finding number four of the findings of fact that the collision of the two cars was caused by the active and concurrent negligence of defendant and of Miss Nikkel in the respective manners in which they operated their automobiles. While the word ''proximate'' is not used in this finding no conclusion can be drawn from it other than that the concurrent negligence of the two drivers was the proximate cause of the collision. It was the jar of the collision that precipitated plaintiff to the pavement and caused his broken leg. It follows from this finding that it was the opinion of the trial judge that the concurrent negligence of both drivers was the proximate cause of the injury.

When we analyze finding number five we find that the trial court very properly held that both plaintiff and defendant were negligent, the plaintiff in riding, and the defendant in knowingly permitting him to ride, upon the automobile fender contrary to the express terms of the Bakersfield ordinance. This is followed by the very proper finding that in so far as the defendants Nikkel and Rambaud are concerned this negligence of plaintiff contributed to his injuries. The court next found that the negligence of defendant was the proximate cause of the collision and of plaintiff's injuries, which is but a repetition of portions of finding four and necessary inferences to be drawn from them. Lastly, the trial court found that in so far as the defendant is concerned, plaintiff's negligence did not contribute to his injuries.

There was proved but one act of negligence on the part of plaintiff, namely, riding on the fender of defendant's car. If, in so far as Miss Nikkel and Mrs. Rambaud are concerned, this negligence contributed to plaintiff's injuries, it is difficult to conceive how it would not have contributed to his injuries in so far as the defendant is concerned. The collision was caused by the concurrent negligence of both drivers. There was but one collision, one injury, and one act of contributory negligence. If the negligence of plaintiff contributed to his injury at all, it contributed to the entire injury

and throughout the accident. It was an indivisible act and must have related to both drivers.

What was said in *Lorry* v. *Englander Drayage etc. Co., supra,* is particularly applicable here. "Under these facts we can see no escape from the conclusion that the conduct of appellants in riding on the running board in violation of the ordinance was a proximate contributing cause of their injuries. We can conceive of cases where the impact might be of such a character that a jury would be justified in holding that the negligence of a person riding on the running board in violation of an ordinance did not proximately contribute to his injuries. *Dallas Ry. Co.* v. *Eaton,* (Tex. Civ. App.) 222 S. W. 318, cited and relied on by appellants, was such a case. There the jitney bus, on the running board of which the injured person was riding, was struck by a streetcar with terrific force and dragged for a long distance. In that case the jury might reasonably have found that the injury would as well have occurred had the injured person been riding inside the bus. But in this case the evidence does not warrant any reasonable conclusion except the one that appellants would not have been injured but for their own negligent act in placing themselves upon the running board in violation of the ordinance. We would not be justified in closing our eyes to the plain facts of the case and saying blindly that the question of proximate cause was one for the jury. (*McMahon* v. *Hamilton,* 204 Cal. 228, 230 [267 Pac. 546].)"

Plaintiff urges that defendant waived the *contributory negligence* of plaintiff by knowingly permitting him to ride on the fender. If this argument be sound it would be equally logical to argue that plaintiff also waived the *negligence* of defendant in knowingly permitting plaintiff to ride on the fender.

Plaintiff relies on the case of *Fresno Traction Co.* v. *Atchison etc. Ry. Co.,* 175 Cal. 358 [165 Pac. 1013], to support this theory. That case not only does not support such a theory but is compelling authority against it. In that case it appears that an ordinance of the city of Fresno required the railroad company to maintain gates at one of its crossings. The gates were installed and placed in operation for a period of time. Their use was later discontinued. This fact was known to plaintiff and the operator of one of its cars which

was damaged by a collision with a train at this crossing. That case is only authority for the rule there applied, that where, before the accident, the plaintiff knew that the gates were not being used, the failure to use them could not be the proximate cause of the collision.

■ Counsel in their briefs argue the doctrine of the last clear chance, but we cannot consider it on this appeal. That doctrine is one of law and also of fact. If the facts of a case do not bring the doctrine into play the court must só decide and is not required to instruct a jury or to find upon it. If the facts of a case be such that the doctrine may be applied, it is the duty of a trial judge to submit it to a jury by proper instructions or to find upon it in the absence of a jury. In the instant case there are no findings upon it. The question is apparently presented here for the first time. In the absence of appropriate findings we are not required to consider the question here.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 27, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 27, 1936.