[Civ. No. 11715. Second Appellate District, Division Two.—April 13, 1938.]

NELLA REEVES, Appellant, v. JOHN LAPINTA et al., Respondents.

David A. Fall for Appellant.

Clifton A. Hix for Respondents.

McCOMB, J.—Plaintiff appeals from a judgment in favor of defendants predicated upon the granting of defendants' motion for a judgment notwithstanding the verdict of the jury (sec. 629, Code Civ. Proc.) in favor of plaintiff in an action to recover damages for personal injuries.

Viewing the evidence most favorable to plaintiff, as we must in reviewing a judgment predicated upon the granting of defendants' motion for a judgment *non obstante veredicto* (*Myers* v. *Southern Pac. Co.*, 14 Cal. App. (2d) 287, 292 [58 Pac. (2d) 387]), the material facts are these:

On January 30, 1937, plaintiff was a passenger in an automobile bus owned and operated by defendants, which was traveling in a westerly direction on Elberon Street in the San Pedro district of the city of Los Angeles. As the bus approached the intersection at Elberon and Cabrillo Streets, plaintiff arose from her seat, walked to the front of the bus and stood on the step of the bus as it traveled along the street, the exit door being open at the time. The bus gave a sudden jerk and plaintiff was thrown to the street and injured.

These are the questions presented for determination:

*First: Was plaintiff contributorily negligent as a matter of law in riding upon the step of the automobile bus?*

*Second: Was the issue of plaintiff's contributory negligence one which should properly have been left to the determination of the trial jury?*

The first question must be answered in the affirmative. The law is settled that (1) the violation of a statute or ordinance constitutes negligence *per se,* and (2) it constitutes contributory negligence if the failure to comply with the statute or ordinance contributes directly to the plaintiff's injury. (*Hurtel* v. *Albert Cohn, Inc.*, 5 Cal. (2d) 145, 147 [52 Pac. (2d) 922]; *Leek* v. *Western Union Tel. Co.*, 20 Cal. App. (2d) 374, 376 [66 Pac. (2d) 1232].)

In the instant case at the time of the accident section 80.47 of the Municipal Code of the city of Los Angeles read:

"No person shall ride upon the fender, *steps,* or running board of any street car or vehicle." (Italics added.)

As plaintiff violated a provision of the foregoing ordinance in riding upon the step of the automobile bus, she was guilty of negligence *per se,* and since the accident would not have occurred had plaintiff remained in any other portion of the bus, her negligence was one of the proximate causes of the accident, and therefore she cannot recover for her injury. (*Steinberger* v. *California Elec. etc. Co.,* 176 Cal. 386, 394 [168 Pac. 570] ; *Leek* v. *Western Union Tel. Co., supra;* sec. 1714, Civ. Code.)

The second question must be answered in the negative. It is the general rule that the issue of contributory negligence is one to be left to the determination of the trier of fact and that such determination will not be disturbed upon appeal, if there is any substantial evidence to sustain it. This general rule, however, is subject to this well-established exception: If the violation of a statute or ordinance contributes directly to plaintiff's injury, the issue is not one of fact but is an issue of law and is therefore removed from the consideration of the trier of fact. In *Lorry* v. *Englander Drayage etc. Co.,* 108 Cal. App. 116, 118 [291 Pac. 467], the rule is accurately stated thus:

"In the absence of the ordinance the question of whether appellants were negligent in riding on the running-board would depend upon whether a person of ordinary prudence would have so ridden under the circumstances then existing and this would have been a question properly to be left to the jury. (*Ivancich* v. *Davies,* 186 Cal. 520 [199 Pac. 784] ; *Strong* v. *Olsen,* 74 Cal. App. 518 [241 Pac. 107].) *But the ordinance enacted an absolute standard of conduct* and removed from the jury the right to speculate as to what that ideal composite the man of ordinary prudence might or might not have done under similar circumstances. *It thereby substituted certainty of conduct for uncertainty. If the violation of the ordinance proximately contributed to their injuries appellants were guilty of negligence as a matter of law."* (Italics added.)

See, also, *Schultheiss* v. *Los Angeles Ry. Corp.,* 11 Cal. App. (2d) 525, 527 [54 Pac. (2d) 49].

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 4, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1938.