[Civ. No. 2590. Fourth Dist.—May 20, 1941.]

SABELLO ALBANIA et al., Respondents, v. JOHN J. KOVACEVICH et al., Appellants.

STATE COMPENSATION INSURANCE FUND, Respondent, v. JOHN J. KOVACEVICH et al., Appellants.

Calvin H. Conron, Jr., Iener W. Nielsen, Harold V. Thompson and Karl Lynn Davis for Appellants.

Edwards & Taylor, Gordon & Wunsch and Harvey D. Taylor for Respondents.

BARNARD, P. J.—This action for personal injuries was consolidated with another action brought by the State Compensation Insurance Fund based upon its right of subrogation. The latter action presents no point on this appeal and no further reference to the parties in that action will be necessary. The court, sitting without a jury, found in favor of the plaintiffs and the defendants have appealed from the judgment which awarded varying amounts to the respective plaintiffs.

On October 27, 1937, at 6:15 p. m., the respondents, with forty or fifty other Filipinos, were riding along a road near Arvin, in Kern County, on a flat bed truck to which was attached a flat bed trailer, both vehicles belonging to their employer. These men were being taken from one place of employment to another. The truck bed was 11 feet long and the trailer bed 12 feet long, and each was 6 feet wide. There is some evidence that the truck and trailer were too crowded for all of the men to stand or sit without some of them having their legs hang over. This was an oiled road 21 feet 4 inches wide and there were no traffic lines thereon.

At the time in question this truck and trailer was proceeding north on its right side at a speed of from 18 to 20 miles per hour, the right rear tire of the trailer being over on the dirt shoulder on the right-hand side of the road. The respondents were all seated along the left side of this truck and trailer, some being seated with their legs hanging over the left edge of the beds, and others with their heels resting upon the edge of the left side of the trailer with their toes extending a few inches beyond the edge thereof.

At the same time a cab to which was attached a trailer, which were owned by the appellant Kovacevich and driven by his employee, the appellant Kohut, were proceeding south on this road at a speed of about 35 miles per hour. While so proceeding, Kohut attempted to pass a Ford automobile which was traveling in the same direction and, in doing so, he crossed the middle of the road and passed between the Ford and the truck and trailer upon which the respondents were riding. In making this attempt to pass between the Ford and this truck and trailer, the appellants' cab and trailer struck the truck and trailer enough to scrape off a little paint at one point and also struck the legs and feet of the respondents, throwing several of them to the ground and causing the injuries in question. The appellant Kohut was asked: "Do you remember meeting a truck with some Filipinos in it?," to which he replied, "Sure I seen them coming home." When asked about his passing the Ford car ahead of him he said: "Yes, I was going to go around it and then I seen I couldn't pass and I turned my wheel and I heard something sidescrape." He also testified that the cab he was driving "never had no brakes on it".

No contention is here made that Kohut was not negligent. It appears that he violated section 530 (a) of the Vehicle Code by driving to the left of the center line in overtaking and passing another vehicle when the roadway was not free of oncoming traffic, and that he violated section 527 (a) of that code by failing to give the oncoming driver at least one-half of the main traveled portion of the roadway. Moreover, in other connections, the appellants argue that he was unable to control his vehicle because of the absence of brakes and that he was so "decidedly intoxicated" that he could not have seen what he said he did see.

■ Appellants' main contention is that it must be held as a matter of law that the respondents, in riding with their feet or legs protruding over the edge of this truck and trailer, were guilty of negligence and that this negligence contributed to their injuries as a proximate cause thereof. It is first contended that the respondents were guilty of negligence *per se* because they were violating section 596.5 of the Vehicle Code which forbids anyone riding on any portion of a vehicle not intended for passengers. That section reads as follows:

"Unlawful Riding. No person shall ride on any vehicle upon any portion thereof not designed or intended for the use of passengers. This provision shall not apply to an employee engaged in the necessary discharge of a duty or to persons riding within vehicle bodies in space intended for merchandise."

Doubtless this section was primarily intended to prevent persons from hanging on the outside portions of vehicles or from riding in positions which would add to the hazards which might normally be expected in the ordinary operation of such vehicles, or in the event such vehicles were struck by other vehicles. It is not reasonable to suppose that it was intended for the purpose of enabling or permitting passing vehicles to use the few inches of space that would be saved by complying therewith. This is indicated not only by the sections of the Vehicle Code to which we have above referred and others of similar import, but by the sections regulating the width of loads of merchandise which may be carried. .

■ For instance, section 694 (a) provides that the total outside width of any vehicle or the load thereon shall not exceed 96 inches, with certain exceptions not material here, and section 626 (b) provides for the displaying of a light at the extreme left side of a load whenever such load extends from the left side of the vehicle one foot or more from the left front hub cap. The apparent purpose of these latter sections is to restrict the width of the loads to reasonable limits to the end that such loads shall not protrude over the center line of a road or over other traffic lines in such a way as to interfere with other vehicles which are in their proper place and are properly using the other portion of the road. The evidence here supports the inference that the width of this load, including the legs and knees of the respondents, was

such that the sections of the Vehicle Code last referred to were not violated.

Section 596.5, providing that no person shall ride upon any portion of a vehicle not designed or intended for the use of passengers, also provides that the provision shall not apply to persons riding "within vehicle bodies in space intended for merchandise". The appellants would interpret this section as forbidding any person to ride upon a vehicle in space intended for merchandise unless he and all parts of his body are entirely within the body of the vehicle. It would not seem that the section was intended to be thus strictly applied. For example, if the flat beds of this truck and trailer had been enclosed on all four sides but not at the top it could hardly be said that one riding thereon violated this section if and because his head and shoulders were above the side boards. The provision is that no person shall ride upon a portion of a vehicle not intended for passengers, with the exception noted. It seems to be conceded that the respondents, under this section, could rightfully ride on this truck and trailer so long as they stayed within the boundaries or edges of the flat beds thereof. These persons were riding on that part of the vehicles, and it cannot be said that they were riding on a portion of the vehicle outside thereof where their legs were hanging. That was not a portion of the vehicle and they were not riding thereon. As a matter of fact they were riding on a portion of the vehicle where the statute permitted them to ride, but they were allowing a portion of their bodies to protrude therefrom and hang in space. They may have been negligent in so doing, but whether or not they were depends upon a question of fact and not upon this statute.

In *Moreno* v. *Los Angeles Transfer Co.*, 44 Cal. App. 551 [186 Pac. 800], the court said:

"The plaintiff Moreno was not required, either under the common law or any statutory enactment of this state, to refrain from occupying a position that could only become a place of danger by reason of the negligence of another. The Motor Vehicle Act of this state (Stats. 1915, p. 397) required the defendant's employee, in passing, to keep to the left of the steam roller, and to not turn to the right again until entirely clear thereof. Moreno was justified in assuming that defendant's employee, and all others, would obey

the law, and hence he was not negligent in failing to watch to the rear. Contributory negligence cannot be predicated upon an omission to assume that another will violate the law.''

In *Gornstein* v. *Priver*, 64 Cal. App. 249 [221 Pac. 396], the court said:

''Had plaintiff sustained injury solely because of the position in which she had seated herself and without any negligence on the part of defendant's drivers in their operation of the trucks, she probably could not have recovered any damages from defendant. Thus, for example, if, during the usual and ordinary movements of the truck on which she was riding and without any negligence on the part of defendant's drivers in their management of the machines, plaintiff, solely by reason of the position which she had taken, had been bounced off the truck, she probably would have had no remedy against defendant, for the very good reason that in that case she would have to attribute her injury solely to her own voluntary conduct. That would be one of the risks ordinarily incident to plaintiff's position on the truck. But while assuming risks of that character, plaintiff did not assume the risk of danger created by the negligent misconduct of defendant's drivers; and for injury caused by such misconduct defendant is liable.''

The appellants rely upon such cases as *Lorry* v. *Englander Drayage etc. Co.*, 108 Cal. App. 116 [291 Pac. 467], *Wheeler* v. *Buerkle*, 14 Cal. App. (2d) 368 [58 Pac. (2d) 230], and *Reeves* v. *Lapinta*, 25 Cal. App. (2d) 680 [78 Pac. (2d) 465]. These were cases involving clear violations of a statute and are therefore not applicable here. Under the circumstances here appearing reasonable minds might well draw different conclusions with respect to negligence upon the part of these respondents, and the question was one of fact for the trial court.

The question whether respondents' negligence, if any, was a proximate cause contributing to their injuries was also a question of fact. Even where it appears that a statute has been violated the question as to whether such violation was one contributing to the injuries of the party has frequently been held to be one of fact. (*Watkins* v. *Nutting*, 17 Cal. (2d) 490 [110 Pac. (2d) 384].) This has been particularly true in cases involving automobile collisions, espe-

cially at street intersections. The truck and trailer here in question were over on the right-hand side of the road, a part thereof being off the oiled portion of the road. The truck and trailer were where they had a right to be and the respondents were well within the space where the load on the vehicles could rightfully be. The mere fact that the respondents happened to be in that particular spot does not conclusively establish negligence on their part which prevents a recovery. If we assume that their negligence resulted in their legs being in that particular spot at that particular time, instead of being 4 or 5 inches nearer their right-hand side of the road, it would not necessarily follow that this fact had a causal connection with the happening of the accident or with the injuries to the respondents. It may well be that the position in which they were riding would ordinarily be a safer one than had they been standing in any available space within the body of the truck and trailer. In our opinion the entire question with respect to contributory negligence on the part of these respondents was, under the circumstances of this case, peculiarly one of fact and not one of law.

In view of what has been said it is unnecessary to consider further questions raised by the appellants with respect to the sufficiency of the evidence and the findings to support a recovery on the part of the respondents on the doctrine of the last clear chance.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.