[Civ. No. 19238. Second Dist., Div. One. Mar. 6, 1953.]

GUSTAVE J. ERDE, Appellant, v. THE CITY OF LOS ANGELES et al., Defendants; THE DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES, Respondent.

Arthur Garrett and Everett W. Leighton for Appellant.

Ray L. Chesebro, City Attorney, Gilmore Tillman, Chief Assistant City Attorney for Water and Power, Wallace J. Manley and Desmond J. Bourke, Deputy City Attorneys, for Respondent.

WHITE, P. J.—Plaintiff and appellant seeks reversal of a judgment entered upon the sustaining of a general demurrer to his complaint without leave to amend.

By his complaint plaintiff sought to recover damages for injuries alleged to have been sustained when he was struck by a falling "light standard." The injuries, it was alleged, were caused by the negligence of the defendants in knowingly permitting a defective light standard to remain unrepaired and failing to place warnings to persons in its vicinity. In its general demurrer the Department of Water and Power of the City of Los Angeles contended that the complaint did not state facts constituting a cause of action, in that it alleged that plaintiff, "with knowledge of the alleged dangerous condition of public property and of its alleged potentiality to

cause harm, voluntarily assumed the risk, as a matter of law.'' This contention is based upon the fact that attached to the complaint was a copy of a ''Claim for Damage'' filed with the city of Los Angeles prior to the commencement of the action, and with reference to which it is alleged in the complaint ''that a true copy of said Claim for Damage is attached hereto and identified as 'Exhibit A' and is hereby incorporated by reference so as to be made a part of this complaint just as if set forth in full hereat.''

The claim filed by plaintiff contained the following language pertinent to the question here under consideration:

''What particular act or omission do you claim caused the injury or damage? When reporting for work Wednesday A. M., we notice that shade was broken and in a position likely to fall. We reported this fact to traffic officer and also called the Light & Power Co. Also Light & Power truck arrived to put in line and we asked him to fix but he stated that he was unable to do so.''

It is the position of respondent that the quoted language of the claim shows that plaintiff-appellant was aware of the dangerous condition of the light standard, but voluntarily chose to expose himself to the risk of remaining in its vicinity; that the allegations of the claim having been incorporated by reference in the complaint and ''made a part'' thereof, the complaint upon its face discloses all the elements of the affirmative defense of assumption of risk.

Appellants argue that while the language of the claim shows that plaintiff, when reporting for work, saw that the standard glass shade was broken and likely to fall, ''one element of assumption of risk,'' that all other elements are lacking. It is further urged that since the claim herein is not the foundation of the cause of action, as would be in a suit upon a contract, a variance between the claim and an otherwise sufficient complaint is not a proper basis upon which to uphold a general demurrer. We are in accord with appellant's contentions.

As appellant suggests, it should be realized that the claim filed with the city of Los Angeles is not a pleading, nor is it the foundation of the plaintiff's cause of action. It is true, of course, that a complaint does not state a cause of action unless it contains an allegation showing substantial compliance with the law requiring that a verified claim containing required particulars be filed with the proper author-

ities. When a proper claim has been filed, however, its purpose has been served. ■ The purpose, as has been so uniformly held in the recent decisions of this state, is to give the municipality or other public agency timely notice of the nature of the claim, with the particulars required by law, so that the authorities may make an investigation and determine upon a course of action with respect to such claim. (*Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 563 [225 P.2d 988]; *Natural Soda Products Co.* v. *City of Los Angeles,* 23 Cal.2d 193, 203 [143 P.2d 12]; see, also, *Knight* v. *City of Los Angeles,* 26 Cal.2d 764, 767 [160 P.2d 779]; *Holm* v. *City of San Diego,* 35 Cal.2d 399, 400 [217 P.2d 972].)

The language of the claim is: "Upon reporting for work Wednesday A. M., *we* notice that shade was broken and in a position likely to fall." The claim is made out on a questionnaire form provided by the city. At the end of the claim are listed the names of witnesses to the accident, apparently members of the work crew working with the plaintiff. It is not clear that the claim was made out with the aid of legal advice.

Assuming, without deciding, that the statements contained in the claim should be treated as having been adopted by the pleader as averments of the complaint, we are nevertheless of the view that the pleading is not fatally defective in disclosing all the elements of an affirmative defense.

■ The elements of the affirmative defense of assumption of risk are two: Actual knowledge of the danger and voluntary acceptance of the risk. The Supreme Court of this state, in *Hayes* v. *Richfield Oil Corp.,* 38 Cal.2d 375, 384 [240 P.2d 580], has clarified the distinction between assumption of risk and contributory negligence in the following language: "The doctrine of assumption of risk is based on the theory that there has been a voluntary acceptance of a risk, and such acceptance, whether express or implied, requires knowledge and appreciation of the risk. (See Rest., Torts, § 893; Prosser on Torts (1941, pp. 377-386; 10 So.Cal.L.Rev. 67, 74.)
■ Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge, and there may be an assumption of risk; *but where it merely appears that a person could or should have discovered the danger by the exercise of ordinary care, the defense is not assumption of risk, but contributory negli-*

*gence.* (See Prosser on Torts (1941), pp. 379, 380, 400.)''
(Emphasis added.)

██ It may well be that the evidence upon the trial might show that plaintiff knew of the defect but failed to realize the danger of remaining in the vicinity of the standard. It may be that some exigency resulted in momentary forgetfulness of the danger. It may be that plaintiff mistakenly supposed that he was maintaining a safe distance when in fact he was not. It is only by drawing from the fact of injury an inference that plaintiff's conduct in the light of his knowledge was inexcusably reckless or negligent that he can be denied the right to present his evidence; and such an inference is not compelled by the fact of injury or the statement in the claim. We cannot infer voluntary exposure to risk from the fact of injury. Whether plaintiff appreciated his danger and chose to expose himself or was guilty of contributory negligence are issues for determination by a trier of fact upon consideration of all the evidence pertaining to the occurrence and to plaintiff's conduct. Even where the evidence or facts are not in dispute, there often remains a field for the function of the trier of fact in determining whether the conduct of a party was that of a reasonably prudent person in the light of the circumstances and his knowledge.

We hold, therefore, that whether plaintiff had actual knowledge of the hazard, whether he voluntarily exposed himself to the risk, or whether he was guilty of contributory negligence, in the circumstances, are issues to be determined from the evidence, upon a trial of the merits, and should not be decided upon demurrer by inferences based upon the one statement made in his claim.

The judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer and permit defendant a reasonable time to answer if it be so advised.

Doran, J., and Drapeau, J., concurred.