[Civ. No. 16235.   First Dist., Div. One.   Mar. 8, 1955.]

HILDA S. LILIENTHAL, Appellant, v. HASTINGS CLOTHING COMPANY (a Corporation) et al., Respondents.

Sloss & Eliot and Elmer P. Delany for Appellant.

Bronson, Bronson & McKinnon and Bledsoe, Smith & Cathcart for Respondents.

WOOD (Fred B.), J.—In this action for personal injuries sustained when plaintiff, an invitee at a retail store, slipped and fell on a waxed floor, verdict was for the defendants. Plaintiff-appellant claims reversible error in the giving of instructions and the admission of evidence.

(1) *Instructions on assumption of risk, given at the request of one of the defendants, included the text of Nos. 207 and 207-B of B.A.J.I., third revised edition, 1943.* As such, they informed the jury that one assumes a risk when she knows "or in the exercise of ordinary care would know" that a danger exists and voluntarily places herself or remains within the area of danger (No. 207) and that one of the two prerequisites to assumption of risk is that the person in question must have actual knowledge of the danger "or the conditions must be such that she would have such knowledge if she exercised ordinary care" (No. 207-B).

These instructions were in general use at the time of the trial, June, 1951. A few months later they were specifically disapproved by the Supreme Court in *Hayes* v. *Richfield Oil Corp.,* 38 Cal.2d 375, 384-385 [240 P.2d 580], holding the above quoted portions improper upon the ground that the doctrine is based upon the theory of voluntary acceptance of risk, which requires actual knowledge of the risk and that "where it merely appears that a person could or should have discovered the danger by the exercise of ordinary care, the defense is not assumption of risk but contributory negligence." (P. 385; followed in *Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158, 161-162 [265 P.2d 904]; *Erde* v. *City of Los Angeles,* 116 Cal.App.2d 565, 568-569 [254 P.2d 110]; *Plotts* v. *Albert,* 120 Cal.App.2d 105, 106-107 [260 P.2d 621].)

Defendant Hastings Clothing Company admits the error but claims it was not prejudicial. Instructions 207 and 207-B were immediately followed by three sentences on the subject, one of which told the jury that if it believed from the evidence that the plaintiff "freely, voluntarily and know-

ingly exposed herself to a danger," she is said to have assumed the risk. This use of the word "knowingly," says the defendant, told the jury that actual knowledge was required and wiped out the erroneous instruction or reduced its effect to a negligible quantity. We do not so view it. The word "knowingly," in the context of all the instructions given on the subject, is consistent with, does not negative, the advice given in the forepart of these instructions that the doctrine applies if a person has "actual knowledge" or "would have such knowledge if she exercised ordinary care." Moreover, if the word "knowingly" denoted *actual* knowledge only, we would have two inconsistent instructions and no means of determining which one of them the jury followed. (See *Gillette* v. *San Francisco,* 41 Cal.App.2d 758, 765 [107 P.2d 627].) We have examined *Loeb* v. *Kimmerle,* 215 Cal. 143, 156 [9 P.2d 199], *Wells* v. *Lloyd,* 21 Cal.2d 452, 457-459 [132 P.2d 471] and *Nickell* v. *Rosenfeld,* 82 Cal.App. 369, 377 [255 P. 760], invoked by defendant, but do not deem them applicable here.

Defendant also argues that the erroneous parts of these instructions in effect presented the issue of contributory negligence to the jury. The answer is that the trial court refused defendant's request for, and gave no instructions on, contributory negligence. ■ Defendant, not having appealed, is in no position to present that as an issue. (See *Hudgins* v. *Standard Oil Co.,* 136 Cal.App. 44, 48-49 [28 P.2d 433].) Also, the instructions on assumption of risk could not have served as instructions on contributory negligence; e. g., they told the jury that assumption of risk will bar recovery "although it plays no part in causing the accident except merely to expose the person to the danger." In this connection, defendant suggests that here the element of proximate cause is supplied as a matter of law. It cites *Lorry* v. *Englander Drayage etc. Co.,* 108 Cal.App. 116. [291 P.2d 467], and *Reeves* v. *Lapinta,* 25 Cal.App.2d 680 [78 P.2d 465], but those cases are not apt. They involve negligence as a matter of law, stemming from the violation of a statute or ordinance. Here both negligence and proximate cause are questions of fact.

Defendant Hastings further claims that plaintiff invited the error by an instruction which she requested and the court gave. We are not persuaded. That instruction was couched in the terms of section 18 of the Civil Code defining actual and constructive notice and declaring that the latter

is binding in the same manner as actual notice. Thereby, says the defendant, the "should have known" element was imported into the instructions as a whole and the jury told that "imputed" knowledge was sufficient for assumption of risk. That imputed knowledge instruction immediately followed an instruction which dealt with the defendants' liability for permitting a dangerous condition to continue if they knew or should have known of it. That imputed knowledge instruction, proper in its context, was not an invitation to error in the seven paragraphs of instructions, several pages later on, which dealt with assumption of risk.

Defendant speaks of two of plaintiff's instructions as having nullified the error. One of them was to the effect that "in the absence of reasonable grounds to think otherwise" plaintiff could assume that the persons owing her a duty would perform that duty. Defendant says that in offering this instruction plaintiff knew she might be chargeable with knowledge that the duties would not be performed. The quoted portion is an exception in a sentence dealing with negligence on the plaintiff's part; at most it would seem to bear upon one of the elements of contributory negligence, not assumption of risk. The other "nullifying" instruction was to the effect that if the building maintenance company was negligent and such negligence was an efficient cause of the injury, the verdict should be for the plaintiff, even if the negligence of some third person concurred to produce the injury. This instruction, says the defendant, allowed recovery even though plaintiff was not free from fault or from notice or knowledge concerning the condition of the floor; hence, it eliminated the possibility of prejudice to plaintiff from the "should have known" feature of the assumption of risk instruction. That is specious reasoning. The instruction invoked by defendant deals merely with the effect of the concurring negligence of a third person. It has no nullifying or other effect or bearing upon the seven paragraphs of instructions on assumption of risk.

(2) *Plaintiff claims that certain instructions relative to the type of wax used on the floor were prejudicially erroneous.*

Sanilac was in use at this store, Hastings' Market Street store. There was evidence that the floor, so treated, had been the scene of numerous slips and falls; several of the store's executives had received complaints and had referred to it as a dangerous condition; decision to use Johnson's

wax had been made and a supply of Johnson's wax had been delivered to the store; but Sanilac continued to be used.

One of the instructions, given at the request of the defendant building maintenance company, told the jury that the mere fact of failure to use Johnson's wax would not impose liability "unless it appears . . . that the accident . . . would not have happened had such Johnson's wax been used." That improperly put upon plaintiff the burden of proving that the accident would not have happened if Johnson's wax had been used. (See *Stockwell* v. *Leland Stanford Jr. University*, 64 Cal.App.2d 197, 205-206 [148 P.2d 405]; *Lindsey* v. *De Vaux*, 50 Cal.App.2d 445, 454-455 [123 P.2d 144]; *Rovegno* v. *San Jose K. of C. Hall Assn.*, 108 Cal. App. 591, 596-597 [291 P. 848].)

(3) *Plaintiff claims prejudicial error in the giving of the store owner's instruction concerning its liability if the maintenance work were done by an independent contractor.*

The questioned instruction included the following advice: "If a person does work for another, as an independent contractor, then under the law the person for whom the work was done is not responsible or liable for any act done by such independent contractor."

In many cases that would be a correct statement, but not in this case. A store owner does not discharge his full duty toward business invitees by delegating care of the premises to an independent contractor. "It is well settled that the possessor of land is answerable for the negligent failure of an independent contractor to put or maintain buildings and structures thereon in reasonably safe condition." (*Knell* v. *Morris*, 39 Cal.2d 450, 456 [247 P.2d 352]. See also *Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 260 [143 P.2d 929]; *McCordic* v. *Crawford*, 23 Cal.2d 1 [142 P.2d 7]; Rest. of the Law of Torts, § 422.)

Defendant says this was not prejudicial; that the jury exonerated the maintenance company and so impliedly held it nonnegligent. We might so infer if there were no other question in the case. For aught we know the jury may have found that plaintiff assumed the risk, following the erroneous instruction upon that subject.

In *Brown* v. *George Pepperdine Foundation, supra,* 23 Cal.2d 256, 260, of an argument that similar erroneous instructions could not have been prejudicial because the jury exonerated the independent contractor, the court made this

significant comment: "In considering the propriety of the court's action in granting a new trial we are to be governed, however, not alone by the error in instructions Nos. 49 and 56 but by the cumulative effect of all errors, conflicts and confusion that appear in the charge as a whole." That governing principle applies here.

Later on, the court gave an instruction that the store owner could not contract away any of its duties with reference to maintenance of the premises. That, we think, did not cancel out the erroneous instruction. It presented the jury with the problem of which instruction to follow.

(4) *Plaintiff's remaining point relates to defendants' evidence of use of Sanilac floor wax in numerous other buildings in the San Francisco Bay area, with lack of reports of people slipping or falling.* That evidence went in during a day of the trial which is not reported, the reporter's notes thereof having been lost. Although an attempt has been made to reconstruct the record, the parties do not appear in complete agreement in every respect as to all the details of what happened. For that reason· and for the reason also that our conclusions upon the other issues (unaffected by the gap in the reporter's transcript) render a determination of this question unnecessary, it is well that we refrain and we do refrain from undertaking such a determination.

The judgment is reversed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied April 7, 1955, and the petition of Respondents Hastings Clothing Co. and American Building Maintenance Co. for a hearing by the Supreme Court was denied May 4, 1955.